**LIZZA & SONS, INC.**

v.

**DIMINICO & PALLOTTA, INC.**
and
**Continental Casualty Co.**

**Civ. A. No. 58–127.**

United States District Court
D. Massachusetts.

Feb. 25, 1959.

**144**

Hill, Barlow, Goodale, & Adams, Gael Mahony, Boston, Mass., for plaintiff.

John W. Blakeney, Boston, Mass., for defendant Continental Casualty Co.

G. Joseph Tauro, Lynn, Mass., for Diminico & Pallotta.

ALDRICH, District Judge.

1. The objections of both defendants to interrogatories are overruled, except as follows:

a) No. 3 and No. 9 to Diminico & Pallotta, Inc. and No. 3 to Continental Casualty—In answering these questions defendants need not summarize or state substance of written communications, but need only state where originals or copies may be inspected. Said interrogatories are to be restricted to the year 1955.

b) Nos. 6, 17 and 18 to Diminico & Pallotta, Inc.—Sustained.

2. Certain interrogatories call for a rather simple conclusion of law, or involve such. If, but only if, a defendant intends in good faith to controvert or litigate such question of law, it may refuse to answer such portion of the question on that ground.

3. One of the defendants has objected to all of the interrogatories filed, on the ground that they "are beyond the scope of matters that the interrogating party may inquire of under Rule 33 [28 U.S. C.A.]" The other defendant has objected almost equally broadly, for no assigned reason. In addition it has taken the fact of objecting as an excuse for not answering the rest of the interrogatories, in violation of the rule. At the hearing, arguments made by the defendants markedly failed to sustain many objections, and indicated either ignorance of the discovery rules, or an improper hope that if enough objections were made, some that should not, would "stick." I think it appropriate that some of the observations of Judge David W. Peck of New York should find themselves in the Federal Reports, if they are not already there.

"The answer to the procedural perplexity is in the attitude and action of lawyers, their frame of mind and habits of practice * *. If * * * lawyers could once see what was to be gained and saved by directly coming to grips with a case, short-circuiting the procedural routine and dropping the shadow boxing, they would develop habits that would make dilatory procedural maneuvers a dead letter rather than a dead load on litigation * * *. Punitive costs should be imposed if a party makes an unwarranted motion."

Wholesale objections of the character made here unnecessarily consume the time of the court and of counsel. Rule 37(a) provides for the imposition of costs "upon the refusal of a party to answer any interrogatory submitted under Rule 33 * * * without substantial justification." It does not define what constitutes a "refusal," but I hold that it includes the filing of insubstantial objections and requiring a hearing there-

on. The fact that a few of the objections had merit does not change the situation, except as to the amount of the costs. I impose costs of $25, to include a reasonable counsel fee, upon each defendant, to be paid to the plaintiff forthwith.

Except as hereinabove provided, all interrogatories are to be answered on or before March 10. In addition, the defendant Continental Casualty Company stands subject to the usual 20 day order under Local Rule 9(4) for failure to answer the interrogatories to which it did not object.