**APCO OIL CORPORATION, Plaintiff,**

v.

**CERTIFIED TRANSPORTATION, INC., Defendants.**

**No. 1233.**

United States District Court
W. D. Missouri,
Central Division.

March 21, 1969.

---

Charles K. Thompson, Watson, Ess, Marshall & Enggas, Kansas City, Mo., for plaintiff.

Richard K. Andrews, Swanson, Midgley, Jones, Eager & Gangwere, Kansas City, Mo., Charles Rendlen, Jr., Hannibal, Mo., for defendants.

## MEMORANDUM AND ORDER

JOHN W. OLIVER, District Judge.

Plaintiff has filed general and blanket objections to the defendants'

first set of interrogatories. Suggestions in support and in opposition which cite the familiar cases have been filed and carefully considered. Plaintiff's objections will be denied for reasons we now state in some detail.

Rule 33 of the Rules of Civil Procedure provides that "interrogatories may relate to any matters which can be inquired into under Rule 26(b)" and that "the number of interrogatories or of sets of interrogatories to be served is not limited except as justice requires to protect the party from annoyance, expense, embarrassment, or oppression." Rule 33 was amended in 1946 to provide that "the provisions of Rule 30(b) are applicable for the protection of the party from whom answers to interrogatories are sought under this rule." Rule 30(b), incorporated by reference into Rule 33, provides that "upon motion seasonably made * * * and for good cause shown, the court * * * may make an [appropriate protective] order * * * which justice requires to protect the party or witness from annoyance, embarrassment, or oppression."

A practice has grown up in some districts under which conclusory and, most frequently synonymous, claims of "annoyance, expense, embarrassment, or oppression" (to use the precise language contained in Rule 33) are, as in this case, brought forward as a ground of objection to an interrogatory. In this case, for example, plaintiff asserts that "the primary characteristic of [defendants'] interrogatories is their *burdensomeness*." Plaintiff makes, to cite another example, the more or less standard accusation that "the principal aim of defendants is to *harass* plaintiff."

Under subhead I of its extensive suggestions, plaintiff "objects specifically to several interrogatories * * * which attempt to impose on plaintiff the unreasonably burdensome and oppressive task of examining an overwhelming number of documents, extracting the requested information therefrom, and compiling that information in the form requested by defendants' interrogatories." Under subhead II plaintiff attempts to present, by way of objection as distinguished from an appropriate motion for a protective order, the question of whether limitations of time should be placed on discovery. Under subhead III plaintiff attempts to present a similar question concerning the geographical area of discovery. Under subhead IV plaintiff attempts to have discovery limited to petroleum products purchased by defendants from plaintiff rather than all petroleum products produced, refined, and distributed by plaintiff.

Experienced counsel in this case are familiar with the consistent ruling of all active judges on this Court in connection with discovery in antitrust litigation. Those rulings are consistent with the following statement from 4 Moore's Federal Practice, ¶ 33.27, p. 2414:

General objections, such as the objection that the interrogatories will require the party to conduct research and compile data, or that they are unreasonably burdensome, oppressive, or vexatious, or that they seek information that is as easily available to the interrogating as to the interrogated party, or that they would cause annoyance, expense, and oppression to the objecting party without serving any purpose relevant to the action, or that they are duplicative of material already discovered through depositions, or that they are irrelevant and immaterial, or that they call for opinions and conclusions, are insufficient.

On the following page Moore points out that the 1946 amendment of Rule 33 was designed to remove limitations which some courts placed on the use of that Rule in its original form. He there states that:

In addition to the provision for objections to interrogatories, which

has always been in the Rule, Rule 33 now contains a provision that "The provisions of Rule 30(b) are applicable for the protection of the party from whom answers to interrogatories are sought under this rule." The Advisory Committee's Note to the 1946 amendment indicates that this sentence was inserted, not to limit the scope of discovery under Rule 33 but in an attempt to remove some of the limitations which some courts had placed on the use of interrogatories.

The 1946 amendment to Rule 33 made clear, to again use Professor Moore's language, "that any of the orders mentioned in Rule 30(b) may, when appropriate, be made as to interrogatories under Rule 33" (*Ibid*, p. 2415–6).

We are cognizant of the fact that in this particular case plaintiff voluntarily made many of its records available for defendants' inspection and that defendants availed themselves of the highly commendable cooperation extended to them by plaintiff. Plaintiff suggests in that connection that "having had production of all relevant documents, books, and records maintained by the plaintiff, it is simply incomprehensible to plaintiff that defendants may be entitled through their present interrogatories to require plaintiff to compile, tabulate, and set forth precisely the same information that it has already taken defendants more than six weeks to adduce."

■ Plaintiff does not seek the proper relief when it attempts to make such a complaint a ground for objection. If plaintiff is able to substantiate its blanket claim, plaintiff may be able, after taking further appropriate steps, to show good cause for the sort of protective order authorized by Rule 30(b). Plaintiff can not show good cause for the issuance of a protective order under the circumstances of this case unless plaintiff would be able to demonstrate that defendants, by reason of the volun-

tary discovery already afforded them, does in fact possess all documentary evidence from which the answers to particular interrogatories may be conveniently obtained. Plaintiff must place itself in position to be able to establish that it is ready, willing, and able to accept the compilations and tabulations which it suggests may and should be made by defendants.

■ It would seem apparent that under the circumstances of this case plaintiff would be under obligation to propose that an immediate conference between counsel be scheduled at which plaintiff would be prepared to propose and demonstrate how the information sought by the interrogatory could be assembled from the data now in defendants' possession.

Experience has established that counsel who draft interrogatories do so in the broadest possible form and that not infrequently they are satisfied with answers which respond in a much more narrow fashion. Experience has also established that knowledge of what will or will not be satisfactory cannot be obtained unless counsel confer together with the end in view that cooperation is the rule and not the exception which facilitates both sides' pretrial preparation of complicated cases.

Experience has further established that counsel of the competence of counsel engaged in this case rarely find it necessary to resort to motions for protective orders because both sides recognize that the question presented is not whether documentary data is going to be ordered produced, but when, how, and in what form, such production will be ordered. Such counsel are also familiar with the fact that requests for time and geographical limitations are premature at this state of pretrial preparation.

We anticipate that counsel for plaintiffs will promptly prepare an appropriate memorandum for defendants' coun-

sel's consideration prior to a requested conference with opposing counsel. Should counsel be unable to reach agreement at the conference we are equally confident that an appropriate motion under Rule 30(b) will be filed together with a supporting factual brief. Should that course prove to be necessary, an evidentiary hearing will be set to resolve any questions which counsel have not been able to settle to their own satisfaction.

It is not necessary to add that the burden of proof will rest upon plaintiff at such a hearing and that the determination of whether good cause does or does not exist must be based upon appropriate testimony and other factual data, not the unsupported contentions and conclusions of counsel.

For the reason stated, it is

Ordered that plaintiff's objections should be and are hereby denied. It is further

Ordered that plaintiff answer all interrogatories within the time permitted by the Rules of Civil Procedure unless such time is extended by order of Court. It is further

Ordered that plaintiff prepare and forward to defendants' counsel an appropriate letter in accordance with what we have stated above and that thereafter counsel hold a conference as above stated. It is further

Ordered that such letter shall be prepared, served and filed on or before March 28, 1969. It is further

Ordered that the conference of counsel be held on or before April 4, 1969. It is further

Ordered that a report of such conference be prepared, served and filed on or before April 9, 1969. It is further

Ordered that the Court will direct further proceedings after it studies the report of the conference.