**Henry A. WHITE and Petra Romero, Plaintiffs,**

v.

**John BELOGINIS, d/b/a Future Furniture & Appliances Co., Defendants.**

**No. 69 Civ. 2858.**

United States District Court,
S. D. New York.

Sept. 13, 1971.

---

Jack Greenberg, Jonathan Shapiro, Eric Schnapper, New York City, for plaintiffs.

J. Michael Solomon, New York City, for defendants.

PIERCE, District Judge.

## MEMORANDUM OPINION

Plaintiff here moves pursuant to Rule 37(a) (2)–(4) of Fed.R.Civ.P. for an order compelling defendant to answer interrogatories one through twelve; to provide plaintiff with copies of documents requested in interrogatories three through twelve; and to pay plaintiff $100.00 for expenses incurred in bringing this motion as a result of defendant's prior refusal to answer adequately these interrogatories.

Defendant responded to three of the twelve interrogatories posed to him, numbers one, two, and eight. The Court finds these answers incomplete and evasive.

■ Defendant objected to the remaining nine interrogatories, numbers three through seven and nine through twelve. These objections are framed so as to appear to fall within the scope of permissible refusals to answer. They are, however, interposed in the form of broad generalized labels and are wholly unsupported or clarified by a memorandum of law or other document. Since these objections are not comprehensible to the Court on the basis of the record before it, the Court finds that they are analogous to general objections which have been universally held to be impermissible. See, *e. g.*, Commercial Union of America Corp. v. New York & Cuba Mail S. S. Co., 24 F.R.Serv. 33.514, Case 1 (S.D.N.Y.1957); Wolf v. United Air Lines, Inc., 9 F.R.D. 271 (M.D.Pa.1949); Woods v. Kornfeld, 9 F.R.D. 196 (M.D. Pa.1949).

Therefore, plaintiffs' motion to compel answers to interrogatories one through twelve and to require production of copies of the documents requested in interrogatories three through twelve is granted in part and denied in part as follows:

Interrogatory number 1: Granted, defendant to limit his answer so as to refer to only those months in 1969 preceding the transaction in question.

Interrogatory number 2: Granted, within the limits of question #1 as modified above.

Interrogatory number 3: Granted. Defendant must provide identifying information only; financial data may be omitted.

Interrogatory number 4: Granted, within the limitation of number 3 above.

Interrogatory number 5: Granted, within the limitation of number 3 above.

Interrogatory number 6: Granted, within the limitation of number 3 above.

Interrogatory number 7: Granted. Defendant must provide the requested information only as it relates to the ninety day period preceding July 2, 1969.

Interrogatory number 8: Granted.

Interrogatory number 9: Granted.

Interrogatory number 10: Granted.

Interrogatory number 11: Denied, except as to the actual seller in the transaction in question.

Interrogatory number 12: Denied, except as to the sales person actually involved in this transaction.

■ Furthermore, in light of the fact that defendant's intransigence in responding to the interrogatories necessitated the bringing of this motion, the Court awards plaintiff $100.00 for reasonable expenses (see affidavit of Eric Schnapper, Esq.) incurred in obtaining this order. See, *e. g.*, Lizza & Sons, Inc. v. Diminico & Pallotta, Inc. 23 F.R.D. 143 (D.Mass.1959); Willys Motors, Inc. v. Northwest Kaiser-Willys, Inc., 18 F. R.D. 473 (D.Minn.1956).

So ordered.