**HUMPHREYS EXTERMINATING COMPANY, INC., Humphreys Exterminating Franchises, Inc.**

**v.**

**Jack E. POULTER.**

**Civ. No. 73–340–HM.**

United States District Court,

D. Maryland.

March 26, 1974.

David Berger, Harold Berger, Michael K. Simon, Philadelphia, Pa., Allen L. Schwait, Baltimore, for plaintiffs.

John R. Foley, Kensington, Md., for defendant.

## MEMORANDUM AND ORDER

HERBERT F. MURRAY, District Judge.

Plaintiffs in this case signed a franchise agreement with defendant, licensing him as an exclusive dealer in the District of Columbia, Montgomery County and Prince George's County, Maryland for the goods and services relating to pest control provided by them. Their complaint alleges that the agreement was breached, in that defendant failed to make royalty payments and to submit earning statements as required by the contract. Plaintiffs seek damages and equitable relief; defendant has counterclaimed.

The case is presently before the Court on plaintiffs' Motion to Compel Answers to Interrogatories and Production of Documents. Defendant has refused to answer certain interrogatories in the First Set submitted by plaintiffs, specifically Interrogatories 12(A) and 12(B), 14, 23, 24 and 35, and has not produced documents as requested. The ground for the refusal is that the information sought is irrelevant to the case.

The assertion is based on the argument that plaintiffs breached the agreement by licensing another dealer in defendant's territory, and that the breach "as a matter of law" bars their recovery. At the hearing on the motion, defendant conceded that this objection applied only to information sought for the period after the claimed breach by the plaintiffs, which allegedly took place on March 22, 1973. Consequently, this Court regards as unsupported defendant's objections for the period from July 1, 1971 to March 22, 1973.

Further, even for the period from March 22 to the present the objection of irrelevancy borders on the frivolous. Professor Moore states, 4 Moore's Federal Practice ¶ 26.56[1], at 26–124:

Ordinarily, the court will not determine whether the theory of the complaint is sound, or whether if proved would support the relief requested, in ruling on a discovery motion.

More explicit still is footnote 9 in V.D. Anderson Co. v. Helena Cotton Oil Co., 117 F.Supp. 932 (E.D.Ark.1953), at 945:

It is not ordinarily the function of the court in passing upon objections to interrogatories to decide ultimate questions.

In Paramount Film Distributing Corp. v. Ram, 15 F.R.D. 404 (E.D.S.C.1954), plaintiffs argued that interrogatories relating to an allegedly invalid defense did not have to be answered. The Judge responded that no motion to strike had been filed, and that

[t]he defense, therefore, until stricken is valid. I cannot say that the interrogatories are not relevant to the issues made by the pleadings. 15 F.R. D. at 405.

See also Garland v. Torre, 259 F.2d 545 (2d Cir. 1958).

The exceptions to this rule are, as Professor Moore points out, op. cit. at 26–125, "where the claim or defense appears baseless and discovery would work hardship on the other party." In this case, defendant is not asserting that the claim is baseless, but that his defense defeats an otherwise good claim. It cannot be said that this is an exceptional situation as described by Professor Moore.

Cases cited by defendant are not on point. They stand for the proposition that answering interrogatories whose sole function is to define the extent of damages may, in the discretion of the Court, be deferred pending a determination of the question of liability. One of the purposes of these interrogatories is to establish the existence of alleged breaches of contract; in this respect they relate directly to liability itself.

Plaintiffs' Motion to Compel will be granted, as to their Interrogatories to Defendant, First Set and Request Number 1 for Production of Documents. The Court makes no ruling at this time as to plaintiffs' Second Set of Interrogatories, and Request Number 2 for Production of Documents, which were filed simultaneously with the Motion to Compel.

The next issue is whether plaintiffs should be awarded expenses, including attorneys' fees, pursuant to Rule 37(a)(4), F.R.Civ.P. The Rule reads, in relevant part:

> If the motion [to compel] is granted, the court shall, after opportunity for hearing, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney's fees, unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust.

A change was made in Rule 37(a)(4) in 1970, of some importance to this case. See 4A Moore's Federal Practice ¶ 37.-01[8], at 37–24 and 37–25. In essence, the change reversed the earlier presumption that there was substantial justification for opposing interrogatories; now the expenses are awarded *unless* the justification can be shown.

As the Advisory Committee Note to Amended Rule 37 states:

> The amendment does not significantly narrow the discretion of the court but rather presses the court to address itself to abusive practices. 4A Moore at 37–25.

In Brunswick Corp. v. Chrysler Corp., 291 F.Supp. 118 (E.D.Wis.1968), the plaintiff's refusal to respond on grounds of irrelevancy was held unjustified. Plaintiff also failed to respond at all to some interrogatories; the court awarded expenses of $300.

"Evasive, incomplete, and insufficient answers" to interrogatories resulted in $400 expenses being assessed in Powerlock Systems, Inc. v. Duo-Lok Inc., 56 F.R.D. 50 (E.D.Wis.1972).

In White v. Beloginis, 53 F.R.D. 480 (S.D.N.Y.1971), the Court awarded $100 where defendants' opposition was impermissibly broad and generalized. See also Lizza & Sons Inc. v. Diminico & Pallotta Inc., 23 F.R.D. 143 (D.Mass. 1959).

The Court has concluded that the objection to interrogatories in the instant case is, if anything, more unjustified than the objections in the above cases, and so awards attorneys' fee and expenses to plaintiffs.

Several factors have convinced the Court that the opposition to the Interrogatories was not substantially justified. First is the fact that no reason for the opposition was adduced as to the period from July 1, 1971 to March 22, 1973. Second, the Court notes that defendant's brief cites 4 Moore's Federal Practice ¶ 26.56[1], at 26–131, and that a mere five pages before is the passage which definitively rebuts the whole argument defendant has made. Thirdly, the Court does not accept the assertion by defendant's attorney that he felt he had a duty to present his objection to the Court; he knew or should have known that the Federal Rules of Civil Procedure provide several mechanisms for making his point. Opposition to a Motion to Compel is not among them.

This Court is impelled to conclude, therefore, that the opposition was at best for reasons irrelevant to the discovery process, and at worst for purposes of delay or harassment. The deterrence of such unjustified opposition was the primary motivation for the new version of Rule 37. In order to make clear that

it does not regard lightly such misuse of the discovery Rules, the Court imposes the payment of plaintiffs' expenses.

Plaintiffs have requested $500, but the Court finds such an amount excessive. Attorney for the plaintiffs has stated that he spent ten hours in preparation of the motion and supporting memorandum and ten hours in negotiation and in coming to the hearing, all at $25 per hour. Part of the time spent in preparation of the motion was devoted to a complete review of the pleadings; part of the time spent in negotiations involved discussion and examination of other aspects of the interrogatories. Without being overly specific, it is the Court's conclusion that a total of ten hours time, for both preparation and negotiation, is a reasonable allowance, and will consequently award $250. In addition, attorney for plaintiffs requested $17 for the round trip train fare from his office in Philadelphia; the Court will award that amount as well, for a total of $267.

Rule 37 allows the award to be made against either the party or his attorney. It is this Court's opinion that an award ought to be made against the attorney only when it is clear that discovery was unjustifiably opposed principally at his instigation. That showing was not made here.

For the foregoing reasons, it is this 26th day of March, 1974, ordered that:

(1) Plaintiffs' Motion to Compel Answers to Interrogatories and to Produce Documents be, and the same hereby is, granted;

(2) Defendant respond fully to Interrogatories 12A, 12B, 14, 23, 24 and 35 within 15 days of the date of this Order and make the requested documents available for inspection at a time and place to be mutually agreed upon by counsel; and

(3) Defendant pay plaintiffs' expenses for the preparation and argument of this Motion, in the amount of $267.00.