**UNITED STATES of America,**
**Plaintiff,**

v.

**58.16 ACRES OF LAND, MORE OR LESS situate IN CLINTON COUNTY, STATE OF ILLINOIS, and George Cooley, et al., and unknown owners, Defendants.**

**Civ. No. 71-94.**

United States District Court,
E. D. Illinois.

April 17, 1975.

Henry A. Schwarz, U. S. Atty., William C. Evers, III, Asst. U. S. Atty., East St. Louis, Ill., for plaintiff.

Paul R. Waller, Jr., and John F. O'Connell, Belleville, Ill., for defendants George Cooley and Elizabeth Cooley.

## ORDER

FOREMAN, District Judge:

Now before the Court is defendants' Motion to Strike Answers to Interrogatories and to Dismiss Suit.

Defendants filed interrogatories to plaintiff on February 19, 1974. The Government finally filed answers to those interrogatories on June 24, 1974. Defendant's objections to those interrogatories form the basis for this Motion.

Initially, defendants complain that these interrogatories were answered by Henry A. Schwarz, the United States Attorney. Defendants contend that the interrogatories were addressed to Colonel Thorwald Peterson, District Engi-

neer of the St. Louis District Corp of Engineers and that Colonel Peterson should be the one to answer these interrogatories. Rule 33(a), Federal Rules of Civil Procedure, provides that interrogatories shall be answered by the parties served, or if the party served is a public corporation or a Government Agency, by any officer or agent who shall furnish such information as is available to the party. Therefore, these interrogatories may be answered by any officer or agent of the Government, but such officer or agent shall furnish such information as is available to the Government. It is clear that a private corporation can not avoid answering an interrogatory by an allegation of ignorance if it can obtain the requested information from the sources under its control. Security Mutual Casualty Co. v. Rich, 20 F.R.D. 112 (W.D.Pa.1956); Greenbie v. Noble, 18 F.R.D. 414 (S.D.N.Y. 1955); Hornung v. Eastern Automobile Forwarding Co., 11 F.R.D. 300 (N.D. Ohio 1951).

■■■ Similarly, while the United States Attorney may answer interrogatories addressed to another Government Official, the United States Attorney must consult with other relevant sources so that the answer to the interrogatory contains "such information as is available to the party". For the reasons stated hereinafter, the answers to these interrogatories will have to be revised. If the United States Attorney still desires to answer these interrogatories, this revision will give him opportunity to consult with the other Government Officials who have the requisite information, if he has not already done so.

■■ Defendants next contend that these interrogatories were not answered under oath. Rule 33(a) clearly provides that the answers to interrogatories be under oath. Because these interrogatories were not answered under oath, it is necessary that these answers be refiled under oath.

■■ In its answers to interrogatories number 24 and 27(a) and (b), the Government claims that the materials requested are privileged, but does not state why these materials are subject to any privilege. As noted hereinbefore, plaintiff did not file answers and objections to these interrogatories until approximately four (4) months after they were initially filed. A party upon whom interrogatories have been served shall serve a copy of the answers and objections, if any, within 30 days of service of the interrogatories. Rule 33, Federal Rules of Civil Procedure. Therefore, these objections were not timely filed. Generally, in the absence of an extension of time or for good cause, the failure to object to interrogatories within the time fixed by the rule, constitutes a waiver of any objection. Bollard v. Volkswagen of America, Inc., 56 F.R.D. 569 (W.D.Mo.1971); Davis v. Romney, 53 F.R.D. 247 (E.D.Pa.1971); Fond Du Lac Plaza, Inc. v. Reid, 47 F.R.D. 221 (E.D.Wis.1969); Zatko v. Rogers Manufacturing Co., 37 F.R.D. 29 (W.D.Mo. 1963). Even an objection that the information sought is privileged, is waived by a failure to make it within the proper time limits. Baxter v. Vick, 25 F.R.D. 229 (E.D.Pa.1960); Cardox Corp. v. Olin Mathieson Chemical Corp., 23 F.R.D. 27 (S.D.Ill.1958).

■■ Moreover, the plaintiff does not specify why the answers to these interrogatories are privileged. Objections to interrogatories must be specific and be supported by a detailed explanation as to why interrogatories or a class of interrogatories is objectionable. Rupp v. Vock and Weiderhold, Inc., 52 F.R.D. 111 (N.D.Ohio 1971); White v. Beloginis, 53 F.R.D. 480 (S.D.N.Y.1971); Apco Oil Corp. v. Certified Transportation Inc., 46 F.R.D. 428 (W.D.Mo. 1969). The burden is on the objecting

party to show why the interrogatory is improper. *Apco supra*; Pressley v. Boehlke, 33 F.R.D. 316 (W.D.N.C.1963); Bowles v. Safeway Stores, Inc., 4 F.R.D. 469 (W.D.Mo.1945). For the foregoing reasons, it is hereby ordered that plaintiff answer interrogatories number 24 and 27(a) and (b).

The Government has not answered interrogatory 23 and the Government states, "The information and materials requested are as readily accessible to the defendants as to the plaintiff." Generally an interrogatory is proper although the information sought is equally available to both parties. Wilmington Country Club v. Horwath & Horwath, 46 F.R.D. 65 (E.D.Pa.1969); Rowe Spacarb, Inc. v. Cole Products Corp., 21 F.R.D. 311 (N.D.Ill.1956); Gutowitz v. Pennsylvania Railroad Co., 7 F.R.D. 144 (E.D.Pa.1945). A great majority of cases even hold that a party may be allowed to inquire about facts already known to him. Wright & Miller, Federal Practice & Procedure, Civil § 2014. Therefore, the Government shall answer interrogatory 23.

Defendants also object to the responses to all or part of interrogatories 3, 5, 11, 18, 29, 34, and 38. In each case the interrogatory is not answered directly, but reference is made to certain enclosures. Rule 33(c) does provide a responding party an option to produce business records in certain situations. Nevertheless, as the Notes on the Advisory Committee on Rules makes clear, "A respondent may not impose on an interrogating party a mass of records as to which research is feasible only for one familiar with the records." For this reason, plaintiff shall answer completely and fully the interrogatories listed above.

The new answers to interrogatories shall be filed within 20 days from the date of this Order.