In re **FOLDING CARTON ANTITRUST LITIGATION.**

This Document Relates to: all actions.

**MDL No. 250.**

United States District Court, N. D. Illinois, E. D.

June 29, 1979.

262

Robert Skirnick, Much, Shelist, Freed, Danenberg, Ament & Eiger, P.C., Chicago, Ill., for class plaintiffs.

Stephen C. Shamberg, Friedman & Koven, Thomas P. Hanrahan, Kirkland & Ellis, Chicago, Ill., for defendants.

## PRETRIAL ORDER NO. 55

### MEMORANDUM AND ORDER

ROBSON and WILL, Senior District Judges.

This cause is before the court on the motion of defendants to compel answers to defendants' second wave interrogatories: second set. For the reasons hereinafter stated, defendants' motion is granted in part and denied in part.

Defendants filed second wave interrogatories to obtain general information and specific data concerning plaintiffs' purchasing practices of folding cartons and to identify plaintiffs affiliated with a folding carton supplier, plaintiffs' employees with experience in the folding carton industry, and co-conspirators. Plaintiffs filed a one-page catch-all objection to all the interrogatories rather than specific objections to the individual interrogatories. After a conference held pursuant to local court rule 12(d) to attempt to resolve the discovery dispute, plaintiffs filed a supplement giving general objections and specific objections to the individual interrogatories. Subsequently, defendants filed their motion to compel answers to defendants' second wave interrogatories: second set. Memoranda have been filed in support, in opposition, and in reply.

I. *Timeliness of Objections to Interrogatories*

Defendants contend that plaintiffs' broad catch-all objection to their interrogatories

failing to specify why each particular interrogatory could not be answered was improper and that the later filed supplement to the objections was ineffective. Plaintiffs respond that their general objection was timely and proper. Plaintiffs further respond that their supplemental response should be considered and that even if their response was not timely, the court has discretion to consider the objections.

Objections to interrogatories must be specific and by supported by a detailed explanation why the interrogatories are improper. *United States v. 58.16 Acres of Land*, 66 F.R.D. 570, 572 (E.D.Ill.1975). General objections may result in waiver of the objections. *White v. Beloginis*, 53 F.R.D. 480, 481 (S.D.N.Y.1971). Plaintiffs' catch-all objection named every conceivable ground including objections that the interrogatories are duplicative, not relevant to the subject matter of the litigation, oppressive, and overly vague. Plaintiffs' response was so broad as to be meaningless. Although the filing by plaintiffs of the catch-all objection was clearly improper, the supplement filed after the time to respond had run contained specific objections to the interrogatories. The supplemental objections will be considered, but where a reasonable question exists whether the interrogatories should be answered, we will rule against the plaintiffs who filed the untimely objections.

## II. Plaintiffs Subject to Discovery

Plaintiffs object to anyone other than active class representatives and opt-out plaintiffs responding to the interrogatories of the defendants on the ground that they are not "parties" within the meaning of Fed.R.Civ.P. 33. Defendants contend that the interrogatories are properly directed to all the named plaintiffs.

Plaintiffs attempt to make a distinction between the thirteen active class representatives and the approximately sixty-six other class plaintiffs who have brought actions and remain as parties. The cases plaintiffs cite in support of their proposition distinguish between named plaintiffs and class members who have received notice, have not filed an appearance, and depend on the named plaintiffs to assert their claims. *See, e. g., Fischer v. Wolfinbarger*, 55 F.R.D. 129, 132 (W.D.Ky.1971). Named plaintiffs are always parties subject to discovery, while absent class members are not subject to discovery except under special circumstances. *Brennan v. Midwestern United Life Insurance Co.*, 450 F.2d 999, 1006 (7th Cir. 1971), *cert. denied*, 405 U.S. 921, 92 S.Ct. 957, 30 L.Ed.2d 792 (1972). Only when a defendant seeks discovery from absent class members must a strong showing of necessity, the absence of an improper motive, and a demonstration that the information sought is not available from the representative parties be made. *Id.* Those plaintiffs who have brought actions that were consolidated in MDL 250 as a class action are properly subject to discovery as parties to this litigation without any showing of special circumstances. Plaintiffs bringing actions will not be allowed to self-select the active class representatives and then leave discovery limited to the portion of the plaintiffs selected. Accordingly, plaintiffs' objection is overruled.

## III. Duplication and Burden

Plaintiffs claim that interrogatories 1, 2 and 5–9 are duplicative in whole or in part of previous Fed.R.Civ.P. 34 document requests and of previous interrogatories. Defendants state that plaintiffs freely acknowledged at the 12(d) conference that previously produced documents will not fully answer the interrogatories. In addition, defendants state that many plaintiffs have not responded at all to defendants' prior discovery requests supposedly based on the mistaken motion discussed *supra*, that the class plaintiffs who brought claims are not subject to class discovery absent a showing of exceptional circumstances.

A claim of duplication is insufficient, unless all documentary material from which the interrogatory answers may be conveniently obtained has been previously

provided. *Apco Oil Corp. v. Certified Transportation, Inc.*, 46 F.R.D. 428, 431 (W.D.Mo.1969). For those named plaintiffs who have not responded to discovery requests, the claim of repetition is inapplicable. For the plaintiffs who have responded to prior discovery requests, a disagreement exists between plaintiffs and defendants whether *all* relevant information for the interrogatories has been produced. Our examination of the interrogatories suggests that all relevant documents necessary to answer interrogatory 1 were the subject of paragraph 5 of defendants' revised joint rule 34 request. All relevant documents necessary to answer interrogatory 2 were the subject of paragraph 2 of defendants' revised joint rule 34 request except for the part of interrogatory 2 asking plaintiffs to "state why bids, quotations or offers to sell were not sought from other suppliers." All relevant documents necessary to answer interrogatory 9 were the subject of paragraphs 1 and 2 of defendants' revised joint rule 34 request except for the part of interrogatory 9 asking plaintiffs to "state with respect to each such instance each of your reasons for rejecting such lower price." Although plaintiffs' objections on the grounds of repetition are proper to the extent stated, the court will still require answers to these interrogatories. If all the information has been previously produced sufficient to derive an answer to the interrogatory, plaintiffs may demonstrate good cause for a protective order as to these interrogatories pursuant to Fed.R.Civ.P. 26(c)(3). *Apco Oil Corp. v. Certified Transportation, Inc., supra* at 431. If a protective order is granted, plaintiffs will still have to identify the documents from which answers to the interrogatories can be obtained. *See* Pretrial Order No. 43, at 3.

█ Plaintiffs' objections to duplication for interrogatories 6–8 are overruled, because previous document requests and interrogatories would not fully provide the answers to these interrogatories. Plaintiffs object to this interrogatory claiming that it is duplicative of interrogatory 1 of defendants' revised joint second wave interrogatories. The section of this interrogatory that plaintiffs quote to show that interrogatory 7 is duplicative does not demonstrate that plaintiffs have provided all of the information sought especially in regard to bid amounts.

█ As to interrogatory 5, for those plaintiffs who have answered interrogatory 2 of defendants' revised joint second wave interrogatories, this interrogatory is repetitious and need not be answered. *Scovill Manufacturing Co. v. Sunbeam Corp.*, 61 F.R.D. 598, 601 (D.Del.1973).

█ Plaintiffs also state that answering interrogatories 1–9 would be harassing and burdensome. An objection on the ground of burden must be supported by a specific showing why an interrogatory should not be answered. *Trabon Engineering Corp. v. Eaton Manufacturing Co.*, 37 F.R.D. 51, 59 (N.D.Ohio 1964). Plaintiffs claim that because the interrogatories seek information about individual transactions over a fifteen-year period, they are unduly burdensome. As discussed *infra*, the information sought by the interrogatories about purchasing practices is relevant to proof of conspiracy, impact, and class certification. Because the interrogatories themselves are relevant, the fact that answers to them will be burdensome and expensive "is not in itself a reason for refusing to order discovery which is otherwise appropriate." 4A Moore's *Federal Practice* § 34.19[2], at 34–106; Pretrial Order No. 35, at 6. Because the purchasing practices of the plaintiffs are a relevant inquiry throughout the alleged fifteen-year conspiracy period, answering the interrogatories for the fifteen-year period is not burdensome. This is especially so because defendants have been required to respond for the whole alleged conspiracy period and beyond (post conspiracy) on matters at issue. *See, e. g.*, Pretrial Order Nos. 24 and 35.

█ If the burden of deriving the information is substantially the same for defendants as it is for plaintiffs, a Fed.R.Civ.P. 33(c) proffer with an identification of the relevant documents will be sufficient to answer the interrogatories. In the event that

plaintiffs are unwilling to undertake the searches necessary to respond to the interrogatories, the alternative is to permit defendants' counsel to search through plaintiffs' files and ascertain the relevant documents.

*IV. Relevancy Objections*

The relevancy objections must be considered for all of the interrogatories because the claims of duplication are not applicable to all of the plaintiffs required to answer these interrogatories. The interrogatories and the relevancy objections will be considered within the following framework set forth by the defendants.

Plaintiffs reiterate the objections they made in opposition to document production requests that whatever price a plaintiff paid, it paid, and that all other information, including nonprice information, is irrelevant to the subject matter of this litigation. As previously stated in Pretrial Order No. 24, at 17, "the subject matter of this litigation is not solely concerned with the fact and amount of payment for folding cartons. In determining whether there was in fact an overcharge, it may be necessary to establish what the market value of the folding cartons at issue was." Nonprice factors are often relevant in determining the true market value.

*A. Nonprice Factors in the Purchase Decision (Int. 1, 4, and 9)*

■ Interrogatory 1 seeks information about nonprice factors considered in determining the supplier from which to purchase folding cartons. Interrogatory 4 seeks information about specific concessions requested or offered in connection with a purchase decision. Interrogatory 9 seeks information about reasons for rejecting the lowest bid submitted wherever that occurred.

These interrogatories seeking information about nonprice factors in the decision to purchase folding cartons are relevant to the subject matter of this litigation contrary to plaintiffs' objection. We have already recognized that the quality of the carton, a nonprice factor, may have an impact on the price of folding cartons. Pretrial Order No. 24, at 20. Similarly, other nonprice factors may influence the choice of a supplier, including specific concessions offered, and may also affect the price paid. The Manual of Complex Litigation, Appendix of Materials, nos. D(4) and (5), at 240–41 (1977 ed.) recognizes the propriety of interrogatories substantially identical to interrogatories 1 and 9. In addition, the concessions about which information is sought in interrogatory 4 relate to hidden discounts which are relevant to the true market price of folding cartons. Plaintiffs are directed to answer interrogatories 1, 4, and 9.

*B. Plaintiffs' Practices in Multiple Bid Situations (Int. 2, 3, and 7)*

■ Interrogatory 2 seeks information about purchases where bids were taken from only one supplier and where bids were taken from multiple suppliers. Interrogatory 3 seeks information about disclosure by a folding carton purchaser to a supplier of other bids received for any purchase or contemplated purchase of folding cartons. Interrogatory 7 seeks information about purchase where identical bids were received from one or more suppliers.

Interrogatory 2 is relevant because restrictions on the number of suppliers is a factor affecting the market price. Interrogatory 3 is relevant because disclosure by a folding carton purchaser of a quoted price of a supplier to another supplier could result in a rollback of prices directly affecting proof of the alleged conspiracy and impact of the conspiracy. Gort deposition at 282. In addition, interrogatories 2 and 3 draw upon interrogatories suggested in the Manual of Complex Litigation, *supra,* nos. C(9) and (10), at 239, and no. (D)8, at 242. Interrogatory 7 is relevant concerning allegations of conspiracy.

■ Plaintiffs also object to the providing of information in interrogatory 3 for "contemplated purchases" for "an anticipated future requirement" on the grounds of vagueness and unintelligibility. Future re-

quirements are sufficiently understandable within the business context. As to plaintiffs' other objections concerning the definition of a "contemplated purchase," they also are overruled. Plaintiffs are directed to answer interrogatories 2, 3, and 7, as discussed.

### C. Conduct Following Receipt of Bids (Int. 5, 7, and 8)

■ Interrogatory 5 seeks information about assistance on bid evaluation which a supplier may have rendered. Interrogatory 6 seeks information about cost estimates for folding cartons or alternative products prepared or received by the folding carton purchaser. Interrogatory 8 seeks information about modification of any bids or quotes submitted.

These interrogatories seek information about negotiations between plaintiffs and defendants subsequent to the receipt of bids. Negotiations subsequent to bid submissions directly affect the price of folding cartons and are relevant to the subject matter of this litigation. Gort dep. at 281–82; Clark dep. at 313–15. Interrogatory 5 is relevant because bid evaluation by a supplier may demonstrate the absence of a conspiracy or the impact of a conspiracy if it existed. Interrogatory 6 is relevant in the same way that cost guidelines were earlier found to be the relevant subject of a document request in Pretrial Order No. 24, at 16–18, as bearing upon the determination of the true market price. The packaging alternatives aspect of interrogatory 6 is relevant to the effect of this competition on the price level of folding cartons. Empkie dep. at 565. Interrogatory 8 is relevant to the actual purchase price of folding cartons after the submission of bids, because subsequent modification often results in the prices paid being different than the prices quoted. Clark dep. at 313–15. Plaintiffs are directed to answer interrogatories 5, 6, and 8.

### D. Remaining Interrogatories (Int. 10, 11, and 12)

■ Interrogatory 10 seeks identification of plaintiffs affiliated with a folding carton supplier. Plaintiffs object to interrogatory 10 claiming that the use of "affiliation with" in the interrogatory is vague and ambiguous and that the information sought is irrelevant. Because the class determination provisions of Pretrial Order No. 20 excluded defendants and their "affiliates," the use of "affiliation with" in the interrogatory is not ambiguous. Furthermore, because this court through Judge Hubert L. Will previously stated in the pretrial conference of January 20, 1978, at 48, that plaintiffs must disclose any interest they may have in "any defendant, any other processor of paperboard cartons, or any possible co-conspirators," defendants' interrogatory seeking information about affiliation of plaintiffs with folding carton suppliers is relevant. Information about affiliation may also be relevant to plaintiffs' fraudulent concealment claim and defendants' statute of limitations defense.

■ Interrogatory 11 seeks identification of plaintiffs' employees who were employed by or received compensation from folding carton suppliers either prior to or subsequent to employment with a plaintiff. Interrogatory 11 is relevant to plaintiffs' claim of fraudulent concealment. Nonetheless, the interrogatory sweeps too broadly. The interrogatory will be limited to eliminate identification of employees such as mail clerks and dock hands who do not have supervisory or technical responsibility and are unlikely to have knowledge of any allege price fixing on the part of their employer. The interrogatory will be specifically applicable to professional sales and technical personnel. Plaintiffs' other objections to the persons who are the subject of this interrogatory are overruled. The phrase "received compensation from" a supplier is sufficiently clear and will be answered in the same way that the term was used for a document request made by plaintiffs in Pretrial Order No. 24.

■ Interrogatory 12 seeks identification of coconspirators. Interrogatory 12 is clearly relevant but is objected to on the ground that answering this interrogatory

prior to the completion of discovery is premature. Because discovery has been completed except for supplemental depositions, answer to this interrogatory is now required. In addition, plaintiffs are to supplement their interrogatory answer if additional information identifying co-conspirators is obtained through the remaining depositions.

## V. Conclusion

For the reasons stated, it is therefore ordered that defendants' motion to compel answers to defendants' second wave interrogatories: second set is granted in part and denied in part.