**Slip Op. 04-80**

## UNITED STATES COURT OF INTERNATIONAL TRADE

**Before: Judge Judith M. Barzilay**

| | |
|---|---|
| **UNITED STATES,** | : |
| | : |
| **Plaintiff,** | : |
| | : |
| **v.** | :     **Court No. 02-00646** |
| | : |
| **OPTREX AMERICA, INC.,** | : |
| | : |
| **Defendant.** | : |
| | : |

### MEMORANDUM OPINION AND ORDER

Before the court is a Motion to Compel Discovery by Defendant Optrex America, Inc., dated February 27, 2004, (see also the companion opinion and order issued in this case on Plaintiff's Motion to Compel Discovery). This case involves Defendant Optrex's alleged negligent misclassification of imported liquid crystal display ("LCD") panels and modules evidenced by entering incorrect HTSUS item numbers onto entry documents submitted to Plaintiff United States Bureau of Customs and Border Protection[1] ("Customs" or "government").

Defendant desires the court (1) to overrule the government's "General Objections" to Defendant's Interrogatories; (2) to overrule its "Specific Objections," which are delineated in separate answers; (3) to overrule the objections and claims of privilege Plaintiff asserts in its Answers to Defendant's Interrogatories and Requests for

---

[1]Formerly known as the United States Customs Service.

Production, as well as Plaintiff's Privilege Log; and (4) to compel the government to provide new, complete Answers to the Interrogatories and to produce and specifically correlate, with their respective Interrogatories and Answers, all documents the government cites in its Answers and documentary production. Defendant also desires to receive an additional 30 days to depose Mr. Jeffrey Reim and any informants identified in the Answers given in response to the requests above. *Def.'s Mot. to Compel*, 41-42. Plaintiff counters with a cross-motion for a Protective Order for information that it considers privileged, as evidenced in a document it calls a Privilege Log. This log lists documents under the headings "Document Number," "Date," "Author," Description," and "Privilege," and purports to assert privileged status for documents relating to Plaintiff's answers to Defendant's Interrogatories as well as information Defendant seeks from Mr. Reim.

First, the court notes that "[t]he purpose of discovery procedures are (1) to narrow the issues; (2) to obtain evidence for use at trial; and (3) to secure information as to the existence of evidence that may be used at trial." *Wood v. Todd Shipyards*, 45 F.R.D. 363, 364 (S.D. Tex. 1968). "Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947).

> Thus the spirit of the rules is violated when advocates attempt to use discovery tools as tactical weapons rather than to expose the facts and illuminate the issues by overuse of discovery or unnecessary use of defensive weapons or evasive responses. All of this results in excessively costly and time-consuming activities that are disproportionate to the nature of the case, the amount involved, or the issues or values at stake.

Advisory Committee's Note to 1983 Amendment to FED. R. CIV. P. 26; *see also*

U.S.C.I.T. R. 26 (U.S.C.I.T. discovery rule detailing the scope of discovery at the court).

In light of court rules and precedent governing discovery, the court partially grants and partially denies Defendant's Motion to Compel Discovery.

**(1)** Before replying to Defendant's Interrogatories, Plaintiff attached an eight-page list of General Objections that recites various grounds for opposing Defendant's Interrogatories without referring to specific Interrogatories or subjects of dispute. *Def.'s Mot. to Compel*, App. B, 1-7. As Defendant correctly asserts, in this court General Objections are not allowed. In other words, in this court "[a]ll grounds for an objection to an interrogatory shall be stated with specificity," U.S.C.I.T. R. 33(b)(4), and "[e]ach interrogatory shall be answered *separately* and *fully . . .*" U.S.C.I.T. R. 33(b)(1) (emphasis added); *see NEC Am., Inc. v. United States*, 10 CIT 323, 325, 636 F. Supp. 476 (1986).

Plaintiff insists it used the General Objections "[f]or convenience." *Pl.'s Opp. to Def.'s Mot. to Compel*, 7. However, such claim is irrelevant because blanket objections are universally considered "improper." *In re Folding Carton Antitrust Litig.*, 83 F.R.D. 260, 264 (N.D. Ill. 1979). Some courts have even construed use of General Objections as a waiver of objections in their entirety. *Id.*; *White v. Beloginis*, 53 F.R.D. 480, 481 (S.D.N.Y. 1971). Thus, the court overrules Plaintiff's General Objections.

**(2)** Plaintiff's Specific Objections mirror its General Objections, except that they appear in individual answers. Defendant notes that these objections offer "conclusory statements" without explanation. *Def.'s Mot. to Compel*, 9-10. As stated above, a party must support objections with specificity rather than sweeping statements, especially since the objecting party carries the burden of demonstrating the reasonableness of its

objections. *See United States v. 58.16 Acres of Land*, 66 F.R.D. 570, 572-73 (E.D. Ill. 1975). "Objections to interrogatories must be specific and be *supported* by a *detailed explanation* as to why interrogatories or a class of interrogatories is objectionable." *Id.* at 572 (emphasis added); *see* U.S.C.I.T. R. 33(b)(4) (All grounds for an objection to an interrogatory shall be stated with specificity. . .); s*ee also* U.S.C.I.T. R. 26(g)(2) (listing improper grounds for objections). "[M]ere assertion that interrogatories are overly broad, burdensome, oppressive, or irrelevant is not adequate to constitute a successful objection . . . ." *Sellick Equip. Ltd. v. United States*, 18 CIT 352, 354 (1994). Likewise, no answer may "refer to the pleadings, depositions, documents, or other interrogatories." *Id.* at 356 (quoting *NEC Am.*, 10 CIT at 325). In sum, a successful objection offers a recognized reason for objection buttressed by substantiated, detailed proof of the claim.

The government responds by blaming the allegedly "vague" and/or repetitive nature of Defendant's questions for its use of Specific Objections. *Pl.'s Opp. to Def.'s Mot. to Compel*, 8-9. However, U.S.C.I.T. Rules 33(b)(1), (4) and 26(g)(2), and case precedent disallow complaints of vagueness and repetition as objections.

Because Answers to Interrogatories 1, 1(a), 1(b), 1(c), 2, 2(a), 2(b), 2(c), 2(d), 2(f), 3(b), 3(d), 4(b), 5(h), 6(a), 7(a), 8, 9, 9(a), 11, and 12-21 raise unsound, unsubstantiated objections, the court overrules both the answers and the Specific Objections cited within them.[2] The court also orders the government to resubmit answers to Defendant in accordance with this opinion and this court's rules and case law.

---

[2]*See* Att. A for a specific explanation of the error(s) contained within each overruled Answer.

**(3)** Defendant correctly asserts that Plaintiff has not met its burden in asserting privileges to object to Defendant's Interrogatories. *Def.'s Mot. to Compel*, 12. Plaintiff cites the grounds for most of these claims in its Privilege Log. However, information contained in that document is inadequate to support Plaintiff's claims.

With respect to all privilege claims, U.S.C.I.T. Rule 26(b)(5)[3] deems that in general,

> [w]hen a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

*See also Burns v. Imagine Films Entm't*, 164 F.R.D. 589, 593-594 (W.D.N.Y. 1996) (noting that "where Defendants . . . claimed that information requested and material sought were privileged but did not state nor demonstrate the underlying facts or circumstances of the privilege or protection . . . such privilege is denied"); *In re Shopping Carts Antitrust Litig.*, 95 F.R.D. 299, 306 (S.D.N.Y. 1982).

Plaintiff's invocation of the investigative files privilege to object to Interrogatory 2(e) does not effectively show that "the sources [of the information Defendant seeks] provided [the] information under an express assurance of confidentiality or in circumstances from which such an assurance could be reasonably inferred," as use of the privilege requires. *R. C. O. Reforesting v. United States*, 42 Fed. Cl. 405, 408 (1998).

---

[3]USCIT Rules closely mirror the Federal Rules of Civil Procedure, and thus cases under FRCP are applicable in our court.

The government may intend the court to passively accept its claim that the relevant documents "contain sensitive information relating to the Government's investigative techniques and procedures . . ." *Pl.'s Opp. to Def.'s Mot. to Compel*, 16. To grant this privilege claim would have the court and Defendant place their complete trust in Plaintiff's assertions without corroborating proof. Thus, Plaintiff's Answer to Interrogatory 2(e) and its claim of investigatory privilege are overruled.

Plaintiff's assertions of deliberative process privilege in its objections to Interrogatories 7 and 7(a) do not demonstrate, as necessary, that answering the Interrogatories would expose the government's "decision-making processes" rather than merely purely factual information. *Abramson v. United States*, 39 Fed. Cl. 290, 293-95 (1997); *see Seafirst Corp. v. Jenkins*, 644 F. Supp. 1160, 1163 (W.D. Wash. 1986) (Communications are not within the purview of the privilege unless they are both (1) "predecisional" in that they have been generated prior to an agency's adoption of a policy or decision and (2) "deliberative" in that they reflect the give-and-take of a deliberative decision-making process). The government may not deny Defendant access to discoverable information by citing deliberative process privilege unless the information fits into this narrow rubric. Because the court cannot determine if the information for which the government claims this privilege meets these standards, the court overrules Plaintiff's assertion of deliberative process privilege and its Answers to 7 and 7(a).

Further, Plaintiff's Privilege Log does not meet the standards required to assert the privileges claimed because it contains only rudimentary information. *See Pl.'s Opp. to Def.'s Mot. to Compel*, App. E. To meet these standards, the log must

> contain a brief description or summary of the contents of the document, the date the document was prepared, the person or persons who prepared the document, the person to whom the document was directed, or for whom the document was prepared, the purpose in preparing the document, the privilege or privileges asserted with respect to the document, and how each element of the privilege is met as to that document.

*Burns*, 164 F.R.D. at 594 (quoting FED. R. CIV. P. 26(b)(5), Advisory Committee Notes, 1993 Amendments). The government's log contains only skeletal information and opaque descriptions of the documents' contents. Due to the fragmentary nature of the Privilege Log, neither Defendant nor the court can determine the validity of the privilege claims. Thus, the court overrules Plaintiff's Privilege Log along with the answers that depend upon it for support: 8, 9, 11, 12, and 16-19.

The court orders government counsel to again review the documents contained in Plaintiff's current Privilege Log, mindful of the admonitions concerning the use of privilege as set forth in this opinion. After review, should there be any documents remaining that Plaintiff continues to assert are privileged, Plaintiff will submit a new Privilege Log to Defendant and this court with information adequate to support its remaining claims.

**(4)** Defendant seeks to depose Customs Assistant Chief Counsel Jeffrey Reim because it believes he "may have acted outside of the scope of his duties as an attorney when he assumed the roles of special agent during the underlying investigation." *Def.'s Mot. to Compel*, 13. To support this move, Defendant highlights that attorney-client privilege applies only

> (1) [w]here legal advice of any kind is sought (2) from a professional legal advisor in his capacity as such, (3) the communications relating

to that purpose, (4) made in confidence (5) by the client, (6) are at his [*sic*] instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) except the protection be waived.

*Id.* at 14 (quoting *United States v. Lawless*, 709 F.2d 485, 487 (7th Cir. 1983)).

In response, the government dismisses Defendant's assertion as "provid[ing] no detail concerning the nature of [the] claim" and not "identify[ing] any evidence supporting" it. *Pl.'s Opp. to Def.'s Mot. to Compel*, 18.

While both parties' arguments prove factually correct, they overlook the two crucial issues at stake: Did Mr. Reim provide Plaintiff with discoverable information, and if so, does this information fall within attorney-client privilege? Currently, the court cannot determine the nature of the information Mr. Reim may have provided the government, let alone whether it deserves privileged status. The court will hear counsels' arguments on this issue as described below.

Plaintiff's Privilege Log discloses too little information for the court to judge the merits on this issue as well. *See supra* part (3). Therefore, the court orders government's counsel to review again the documents in the Privilege Log, mindful of the court's admonitions concerning the use of privilege as set out in the opinion. Should Plaintiff continue to assert privilege with regard to any remaining documents concerning Mr. Reim's deposition or attorney-client privilege, those documents must be submitted to the court for the court's *in camera* review.

**(5)** Because most of the government's Answers to Defendant's Interrogatories should be resubmitted to Defendant in accordance with court rules, the government should also reformulate its Answers that depend upon the overruled ones. The Answers

requiring revision include 1(c), 2(c), 3(e), 8(a), 9(a), 10, and 11(a). Plaintiff should also produce and specifically correlate with its respective Interrogatories and Answers all documents cited in its answers and documentary production for Defendant.

At oral argument, the court would also have government's counsel explain why government's counsel should not be sanctioned for delivering to Defendant's counsel thirteen boxes of unorganized documents (later reduced to three) during discovery and for providing answers to Defendant's Interrogatories that persistently violate court rules and case law. *See* U.S.C.I.T. R. 37; *Burns*, 164 F.R.D. at 600-601; *In re Folding Carton Antitrust Litig.*, 83 F.R.D. at 264; *White*, 53 F.R.D. at 481.

For all the foregoing reasons, it is hereby

ORDERED that Plaintiff's Cross-Motion for a Protective Order is DENIED; it is further

ORDERED that Plaintiff's General Objections to Defendant's Interrogatories are overruled; it is further

ORDERED that Plaintiff's Specific Objections in and Answers to Interrogatories 1, 1(a), 1(b), 1(c), 2, 2(a), 2(b), 2(c), 2(d), 2(f), 3(b), 3(d), 4(b), 5(h), 6(a), 7(a), 8, 9, 9(a), 11, and 12-21 are overruled (*see* App. A); it is further

ORDERED that Plaintiff's Privilege Log and all of Plaintiff's claims of privilege are overruled, as are Plaintiff's Answers to Interrogatories 2(e), 7, 7(a), 8, 9, 11, 12, and 16-19, which rely upon these privilege claims (*see* App. A); it is further

ORDERED that Answers to Interrogatories 1(c), 2(c), 3(e), 8(a), 9(a), 10, and 11(a) are overruled because their validity depends on already overruled Answers (*see* App. A); it is further

ORDERED that for all Answers overruled for whatever reason, Plaintiff must provide Defendant with new Answers in accordance with court rules within 30 days; it is further

ORDERED that discovery for Defendant be reopened for 60 days after this order; it is further

ORDERED that if Plaintiff intends to maintain its claims of privileges with respect to any information, it must present a new privilege log to Defendant and the court within one week of this order; if the court again finds the log deficient, it may waive use of all privileges invoked therein (*see* U.S.C.I.T. R. 37; *Burns*, 164 F.R.D. at 600-601; *In re Folding Carton Antitrust Litig.*, 83 F.R.D. at 264; *White*, 53 F.R.D. at 481); it is further

ORDERED that within one week of this order Plaintiff turn over to the court all documents for which Plaintiff plans to claim privilege related to the deposition of Mr. Reim for *in camera* review; it is further

ORDERED that on July 14, 2004, the court will hear oral arguments specifically and only in reference to Defendant's Motion to Depose Mr. Reim and to allow Plaintiff's counsel to explain why the court should not sanction the government for its discovery actions which violate court rules and case law teachings. If counsel so desire, the court will hold oral argument via telephone. Counsel are to consult and inform chambers within one week of the date of this order.

Dated:__July 1ˢᵗ, 2004_____ /s/ Judith Barzilay

New York, New York _____

Judith M. Barzilay

**Court No. 02-00646**

**Appendix A**

| Interrogatory Number | Reason(s) for Overruling* |
|---|---|
| 1 | RD |
| 1(a) | RD |
| 1(b) | RD |
| 1(c) | RD, OA |
| 2 | RD |
| 2(a) | RD |
| 2(b) | RD |
| 2(c) | RD, OA |
| 2(d) | RD |
| 2(e) | B (*see supra* part (3)) |
| 2(f) | RD |
| 3(b) | RD |
| 3(d) | RD |
| 3(e) | OA |
| 4(b) | RD |
| 5(h) | R, V, AH |
| 6(a) | RD |
| 7 | B (*see supra* part (3)) |
| 7(a) | V, B (*see supra* part (3)) |
| 8 | AH, B, PL |
| 8(a) | OA |
| 9 | R, AH, PL |
| 9(a) | R, AH, OA |
| 10 | OA |
| 11 | R, PL, AH |

**Court No. 02-00646**

| | |
|---|---|
| 11(a) | OA |
| 12 | RD, PL, AH |
| 13 | RD |
| 14 | RD |
| 15 | I |
| 16 | R, PL, AH |
| 17 | R, RD, PL, AH |
| 18 | RD, R, PL, AH |
| 19 | RD, R, PL, AH |
| 20 | I |
| 21 | RD |

**\*Explanation of the Abbreviations for Overruling**

R -     Answer inappropriately objects to Interrogatory for being repetitive.
V -     Answer inappropriately objects to Interrogatory for being vague.
RD -     Answer inappropriately refers to documents not in Answer.
I -     Answer incomplete.
AH-     Answer inappropriately claims Defendant has requested documents in its possession.
B-     Burden of proof for privilege invoked in Answer not met.
PL-     Answer objects to Interrogatory based on overruled Privilege Log.
OA-     Answer depends on another overruled Answer.