DOWNEY, Judge.
Petitioner is the defendant in a criminal case pending in Broward County. After being informed against she filed and served the state attorney with a notice of taking the deposition of Lt. A. Farinato of the Broward County sheriff’s department. Petitioner also attempted to file a praecipe for the issuance of a subpoena duces tecum directed to Lt. Farinato commanding him to bring with him to the deposition certain statements of the defendant. The respondent, Clerk of the Circuit Court of Bro-ward County, refused to accept the prae-cipe for filing, and he also refused to issue a subpoena duces tecum. Petitioner thereupon filed her petition for writ of mandamus asking this court to require the respondent to accept the filing of the aforementioned praecipe and issue the requested subpoena.
It appears from the petition and briefs of counsel that the clerk’s refusal was based upon an Administrative Order entered by the Chief Judge of the Seventeenth Judicial Circuit. Said order prohibits the clerk from receiving praecipes or issuing subpoenas duces tecum at the request of defense counsel in conjunction with the taking of discovery depositions in criminal cases.
The receipt of tendered pleadings and other papers in pending litigation by the clerk of a court is a ministerial duty devoid of any discretion. Kaufman v. Sutton, Fla.App. 1970, 231 So.2d 874. By statute the clerk is mandated to “keep all papers filed in his office with the utmost care and security . . ..” § 28.13, F.S. 1973.
Rule 3.220 (d)RCrP, provides in part that “The trial court or its clerk shall, upon application, issue subpoenas for the persons *649 whose depositions are to be taken.” (Emphasis added.) We note that the foregoing rule of criminal procedure specifically provides that except as otherwise provided in said rule, the procedure for taking depositions shall be the same as that provided in the Florida Rules of Civil Procedure. Rule 1.410(d)(1), entitled “Subpoena for Taking Depositions” provides “for the issuance of a subpoena duces tecum after the filing of a notice to take a deposition and service thereof on all parties to the cause.” In this regard see State v. Coney, Fla. 1974, 294 So.2d 82, 84.
Whether the legal position taken in the Administrative Order adverted to is correct or not we do not decide. We hold merely that the clerk of the circuit court must accept all pleadings and papers tendered for filing in pending litigation. Cf., Monroe Education Association v. Clerk, District Court of Appeal, Third District, Fla.1974, 299 So.2d 1. In the present case we further believe that upon the filing of a notice to take a deposition, with a certificate showing service on all parties to the action, and upon receipt of a praecipe for the issuance of a subpoena duces tecum, the clerk is required to issue the subpoena. At that point if there be any reason why the subpoena is not appropriate that question can be raised by motion to quash the subpoena or by motion for protective order pursuant to Rule 3.220(h), RCrP. In that way the propriety of the issuance of the subpoena can be decided on a case by case basis.
Accordingly, the petition for peremptory writ of mandamus is granted, and upon the proper filing of a notice to take a deposition and upon tender of a proper praecipe for issuance of a witness subpoena duces tecum, the respondent shall receive and file same and issue said subpoena.
It is so ordered.
WALDEN, J., concurs.
CROSS, J., dissents.