Charles **HARRIS** and Joseph **Culberson,**
Plaintiffs-Appellants,

v.

**PLASTICS MANUFACTURING COMPANY, Dallas General Drivers Local Union No. 745, etc., and The Southern Conference of Teamsters, Defendants-Appellees.**

No. 79–3157
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

May 23, 1980.

---

* Fed.R.App.P. 34(a); 5th Cir. R. 18.

Fred J. Finch, Jr., James C. Belt, Jr., Dallas, Tex., for plaintiffs-appellants.

Thompson & Knight, Stephen F. Fink, Bennett W. Cervin, Dallas, Tex., for Plastics Mfg. Co.

James C. Wilson, James L. Hicks, Jr., Dallas, Tex., for Union No. 745.

Before GEE, HENDERSON and HATCHETT, Circuit Judges.

PER CURIAM:

Appellants filed this action under Title VII and 42 U.S.C. § 1981 against their employer, Plastics Manufacturing Company (Plastics), seeking relief as individuals and as representatives of other past, present and potential black employees of Plastics. Appellant Harris's individual complaint was that he was more severely punished for fighting than were white employees. Appellant Culberson's individual complaint was that he was more severely punished for clocking out early than were white employees. Appellants further alleged that the departmental seniority system at Plastics prevented blacks from advancing to better

job because seniority rights accumulated in one department could not be transferred to another. After a hearing the magistrate recommended that appellants not be certified as class representatives. The district court adopted the magistrate's recommendation and denied class certification.

At trial there was evidence that indicated there was no difference between the penalties imposed on whites and blacks for, in Harris's case, fighting or, in Culberson's case, for clocking out early. Nor was there evidence that the seniority system was initiated or maintained for racially discriminatory reasons.

At the close of appellants' case, Plastics' motion to dismiss pursuant to Rule 41(b) was granted because the district court could find no evidence of racial discrimination. When the court several months later entered final judgment, it concluded that appellants' action was "frivolous, groundless and unreasonable" and awarded defendant $5,000 in attorney's fees.

■ In their very perfunctory brief,[1] appellants pose as a question for appellate consideration the issue "[w]hether the District Court should have certified the class," but do not discuss the issue in their argument. Any contention that the trial court erred in denying certification is therefore abandoned. Fed.R.App.P. 28(a)(4); *United States v. Lynn,* 608 F.2d 132, 135 (5th Cir. 1979) (crim. case); *Davis v. Hill Engineering, Inc.,* 549 F.2d 314, 324 (5th Cir. 1977).

■ Appellants contend that it was error to grant the motion for judgment of dismissal, Fed.R.Civ.P. 41(b). We conclude, to the contrary, that the district court was entirely correct in determining that there was no evidence of racial discrimination. Appellants' contention that they were disciplined more severely than were whites in similar circumstances was refuted by evidence of specific instances in which white employees were disciplined in precisely the same manner as appellants had been. There was no testimony indicating that the seniority system was instituted or maintained for racially discriminatory reasons. The seniority system is therefore "bona fide" and not actionable under Title VII. 42 U.S.C. § 2000e–2(h); *Teamsters v. United States,* 431 U.S. 324, 97 S.Ct. 1843, 52 L.Ed.2d 396 (1977); *James v. Stockham Valves & Fittings Co.,* 559 F.2d 310, 352–53 (5th Cir. 1977), *cert. denied* 434 U.S. 1034, 98 S.Ct. 767, 54 L.Ed.2d 781 (1978). Neither is it actionable under 42 U.S.C. § 1981, which requires a showing of purposeful discrimination. The district court did not err in granting the motion for judgment of dismissal.

■ Appellants argue that it was error to award attorney fees to Plastics because "[t]here is sufficient evidence that . . . Harris and . . . Culberson did not prosecute this action in bad faith." The Supreme Court held in *Christiansburg Garment Co. v. E. E. O. C.,* 434 U.S. 412, 421, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978), that a defendant prevailing in a Title VII action could be awarded attorney fees "upon a finding that the plaintiff's action was frivolous, unreasonable or without foundation, *even though not brought in subjective bad faith.*" (Emphasis added.) In *E. E. O. C. v. First Alabama Bank of Montgomery,* 595 F.2d 1050, 1056 (5th Cir. 1979), the district court awarded attorney's fees to a Title VII defendant because there was "no evidence" to support the claim. This court held that the award was not an abuse of discretion. The same conclusion is appropriate here.[2]

■ In our considered judgment, moreover, the appeal is not only without merit but frivolous. The trial court shall assess damages to the appellees caused by the appeal. The damages are to include a reasonable attorney's fee. Appellees shall also be awarded double costs. Fed.R.App.P. 38.

AFFIRMED.

---

1. We would not be understood to criticize short briefs; those which are terse but comprehensive can only be described as a blessing. Appellants' here, however, contains less than three pages of argument and none at all supporting their first point of appeal.

2. Appellants note that in a letter written before final judgment was entered the district judge opined that the action was not frivolous. This was not an order; and the judge was free to change his mind, which he did.