**James HEPPERLE, Plaintiff,**

v.

**PANAMA MACHINERY AND SUPPLY CO., et al., Defendants.**

**No. MCA 80–0239.**

United States District Court, N. D. Florida.

Aug. 18, 1981.

See also, 532 F.Supp. 1085.

James Hepperle, pro se.

Rowlett W. Bryant, Stephen H. Kurvin, Panama City, Fla., for Panama Machinery.

Benjamin W. Redding, Panama City, Fla., for Douglas J. Sale.

Thomas A. Beenck, Harry F. Chiles, Asst. Attys. Gen., Dept. of Legal Affairs, Tallahassee, Fla., for remaining defendants.

## SUMMARY JUDGMENT

HIGBY, District Judge.

This lawsuit is the sequel to a small claims lawsuit Hepperle filed in Bay County against Defendant Panama Machinery and Supply Company because he was unhappy with the color of paints purchased from it. Defendant Douglas Sale is the attorney who represented Panama Machinery in the small claims lawsuit. Defendant Douglas Warren is clerk for the Bay County Court. Defendant Bruce Collins was the circuit court clerk. Defendant Raymond Rhodes is clerk for the First District Court of Appeal. And Defendant Sid White is clerk for the Florida Supreme Court. Donald Sirmons, the County Court Judge who presided over Hepperle's claim against Panama Machinery; Circuit Court Judge Larry Bodiford, who heard Hepperle's appeal of Sirmons' decision in the Panama Machinery small claims law suit; and the State of Florida have been dismissed as Defendants. Summary judgment for the remaining Defendants is highly appropriate.

Essentially Hepperle alleges all the parties conspired to defeat his small claims lawsuit against Panama Machinery and deny him access to the courts because he was proceeding pro se. Hepperle's complaint, generously construed as a pro se complaint must be, alleges denial of due process and equal protection. That claim is sufficient to state a claim for relief under Title 42, United States Code, Section 1983. Everyone is generally accused of agreeing with the judges to defeat Hepperle's small claims lawsuit against Panama Machinery. Sale is specifically charged with suborning perjury in the form of testimony and false responses to interrogatories. Most of the remaining allegations are Hepperle's characterization of routine matters such as rulings on motions, the county court clerk's attendance at hearings, and clerk's filing pleadings. Clerk Warren is accused of refusing to record evidence and falsifying evidence. Hepperle's accusations and characterizations, however, are that and nothing more.

■ After almost two years of litigation, numerous opportunities to obtain evidence, opportunities to present evidence, and generous opportunities to present argument, Hepperle has not identified one single bit of evidence fairly susceptible of an interpretation supporting his claims. The undisputed facts show only that the various court clerks performed their ministerial functions of filing documents, attending hearings, and forwarding files as required by the applicable rules of procedure. In those matters they had no choice. *Corbin v. State ex rel Slaughter*, 324 So.2d 203 (Fla. 1st D.C.A. 1975); *Becktell v. Heath*, 308 So.2d 647 (Fla. 4th D.C.A. 1975), *rev'd on other grounds*, 327 So.2d 3 (Fla. 1976).

■ To prove entitlement to relief from the clerks under section 1983 Hepperle has to show they acted contrary to settled law established beyond dispute or acted contrary to the law intending to deny him a federal right or in a context where the harm was so likely as to be substantially certain. *Bogard v. Cook*, 586 F.2d 399 (5th Cir. 1978), *cert. denied*, 444 U.S. 883, 100 S.Ct. 173, 62 L.Ed.2d 113 (1979). The evidence is not susceptible of an interpretation which would meet those requirements.

There is no evidence susceptible of an interpretation that Panama Machinery helped cause the injuries Hepperle alleges. Causation is an integral part of any section 1983 claim. *Baskin v. Parker*, 602 F.2d 1205 (5th Cir. 1979). Hepperle's claim against Panama Machinery fails because of the lack of evidence of causation. It also fails because there is no evidence supporting Hepperle's claim Panama Machinery conspired with State officials and thus no evidence of state action, which is another essential element of section 1983 claims. *See, Sparks v. Duval County Ranch Co.*, 604 F.2d 976 (5th Cir. 1979).

Hepperle's claims that Sale suborned perjury are without supporting evidence. And as with the claims against Panama Machinery, there is no evidence of causation or state action. Thus Hepperle's claims against Sale must also fall.

Summary judgment is granted all remaining Defendants. The clerk shall assess all lawful costs against Hepperle.

Jurisdiction of this cause is reserved for taking of evidence for purposes of awarding Defendants attorney's fees pursuant to Title 42, United States Code, Section 1988, and the requirements of *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). An attorney's fees hearing will be held September 29, 1981, at 8:30 a. m., CDT, in the United States Courthouse, Panama City, Florida. The Defendants shall submit memoranda addressing their entitlement to fees and the amount appropriate on or before September 10, 1981. The Plaintiff shall submit his memorandum on the same subject on or before September 21, 1981. All exhibits should be submitted to the clerk's office in Panama City the afternoon of September 28, 1981, for identification.