James **HEPPERLE**, Plaintiff,

v.

**PANAMA MACHINERY AND SUPPLY COMPANY, et al., Defendants.**

No. MCA 80–0239.

United States District Court,
N. D. Florida.

Feb. 23, 1982.

See also, D.C., 532 F.Supp. 1083.

James Hepperle, pro se.

Rowlett W. Bryant, Stephen H. Kurvin, Panama City, Fla., for Panama Machinery.

Benjamin W. Redding, Panama City, Fla., for Douglas J. Sale.

Thomas A. Beenck, Harry F. Chiles, Asst. Attys. Gen., Dept. of Legal Affairs, Tallahassee, Fla., for remaining defendants.

## ORDER AWARDING ATTORNEY'S FEES

HIGBY, District Judge.

The plaintiff, Mr. Hepperle, sued the defendants under Title 42, United States Code, Section 1983, claiming they denied him federally protected rights under color of state law. His claims against two judges were dismissed. (Doc. 19). His claims against the remaining defendants were not dismissed only because Mr. Hepperle was a *pro se* litigant whose claims were entitled to the most liberal of constructions. *Id.* Eventually the remaining defendants were granted summary judgment. 532 F.Supp. 1083. All remaining defendants seek attorney fees under the provisions of Title 42, United States Code, Section 1988.

Section 1988 allows a court to award attorney's fees to a prevailing party in an action brought under section 1983. While prevailing plaintiffs routinely receive attorney's fees, prevailing defendants are entitled to them only if the plaintiff's lawsuit was without foundation, frivolous, or unreasonable. *Hughes v. Rowe*, 449 U.S. 5, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980). *See also, Harris v. Plastics Manufacturing Co.*, 617 F.2d 438 (5th Cir. 1980); *Bowers v. Kraft Foods Corp.*, 606 F.2d 816 (8th Cir. 1979); and *Lopez v. Aransas County Independent School District*, 570 F.2d 541 (5th Cir. 1978), all adopting the standard set forth in *Christiansburg Garment Co. v. Equal Employment Opportunity Commission*, 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978).

If ever a lawsuit could be called groundless, frivolous, unreasonable, or without foundation, this is it. In fact Mr. Hepperle's actions and his litigation history indicate this lawsuit was brought in bad faith. Essentially Mr. Hepperle sued all lawyers, parties, judges, and court clerks involved in a small claims lawsuit he lost. He claimed documents were misfiled, perjury committed, and a conspiracy formed against him. He never made any effort to bring forth

any evidence to support his claims. In his deposition he even refused to describe what evidence he believed existed to support his claims. (Doc. 57).

Early in the course of the proceedings I noted Mr. Hepperle's claims were questionable and warned him of the attorney's fees provisions. (Doc. 19). He persisted in maintaining the lawsuit. His pleadings, however, have not been addressed to the merits of the lawsuit. They have been vitriolic diatribes against the parties, their lawyers, the court, the clerk of the court, and the clerk's deputies.

This is not the first proceeding of this nature for Mr. Hepperle. In 1978 he sued the publisher of a newspaper under Title 42, United States Code, Section 1983, because Mr. Hepperle did not believe they were publishing an advertisement as he requested them to and because the publisher informed him he would no longer do business with him. *Hepperle v. Fischer*, MCA 78–254, United States District Court, Northern District of Florida, Doc. 1. The complaint was dismissed. Mr. Hepperle appealed and the dismissal was affirmed. *Hepperle v. Fischer*, 604 F.2d 669 (5th Cir. 1979).

Mr. Hepperle's lawsuits are prolific. The causes of action vary. But they indicate a pattern of knowingly bringing groundless actions. He has sued both the Destin and Greater Fort Walton Beach Chambers of Commerce alleging violations of the Clayton and Sherman Acts because he was expelled from those organizations. *Hepperle v. McLeod*, Case No. PCA 77–434, Doc. 1 (U.S.D.C.; N.D.Fla.); *Hepperle v. Ricks*, Case No. PCA 76–152, Doc. 1 (U.S.D.C.; N.D.Fla.). Both lawsuits were dismissed for failure to state a cause of action. Both decisions were appealed and affirmed. *Hepperle v. Ricks*, 566 F.2d 104 (5th Cir. 1977).

Mr. Hepperle has also sued alleging violations of the Sherman and Clayton Acts over the price charged him for drilling a well. *Hepperle v. Carlos Well Supply*, Case No. PCA 76–1976, Doc. 1 (U.S.D.C.; N.D.Fla.). The lawsuit was dismissed and the dismissal affirmed. *Hepperle v. Carlos Well Supply Co.*, 561 F.2d 830 (5th Cir. 1977).

The pleadings in all these lawsuits are much like the pleadings in this one. The claims they advance are totally meritless. Personal attacks and insults, not an attempt to advance facts showing entitlement to relief, are their substance. They and Mr. Hepperle's behavior in this case show he is aware enough of the legal system to use it to abuse anyone who angers him. They also show he was well enough acquainted with the legal process to know he needed to come forward with evidence substantiating his claims. His failure to do so and his continuing pattern of personal invective demonstrate his bad faith in bringing this lawsuit. The summary judgment details Hepperle's lawsuit's total lack of merit.

When awarding attorney's fees I must consider the twelve guidelines set out in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). I have considered these factors as they apply to each attorney as follows:

1. *The time and labor required —*

Ben Redding and Rowlett Bryant, attorneys for defendants Douglas Sale and Panama Machinery & Supply Co., respectively, have submitted affidavits and testimony detailing the time spent in this case. I find the affidavits and the time spent reasonable and accept them. Sale will be compensated for Redding's 40.5 hours. Panama Machinery & Supply Company will be compensated for Bryant's 15.45 hours and his associate's 11.55 hours. Attorneys Thomas Beenck and Harry Chiles, who represented the remaining defendants, have also submitted affidavits and testimony which I find reasonable and accept. The state defendants will be compensated for Beenck's 28.3 hours and Chiles' 42.7 hours.

2. *The novelty and difficulty of the questions—*

This factor is neutral. Relatively simple principles of civil rights law were involved.

3. *The skill requisite to perform the legal service properly—*

This factor is neutral. The issues were simple and within the ability of any competent lawyer.

4. *The preclusion of other employment by the attorney due to acceptance of the case—*

This factor is neutral. Accepting this case did not preclude employment for any of the attorneys.

5. *The customary fee—*

While testimony has presented $100.00 per hour as a customary fee, I find, in light of my experience as a trial lawyer in the Panama City area and the knowledge gained on the bench, that the customary fee private lawyers defending civil rights cases receive is $75.00 per hour. Assistant Attorneys General customarily receive their salary regardless of the nature of the case. Beenck's salary is $28,000.00 a year or, assuming a 40 hour work week, $13.46 per hour. Chiles' salary is $21,000.00 a year or, assuming a 40 hour work week, $10.10 per hour.

6. *Whether the fee is fixed or contingent—*

The fee arrangements were fixed, and payment was certain. Beenck and Chiles are state employees who are paid regularly, win, lose or draw. Redding and Bryant had loose understandings with their clients, long-time customers, that they would defend the case for a reasonable rate per hour. These informal arrangements were typical of their ongoing relationships with their clients.

7. *Time limitations imposed by the client or circumstances—*

This factor is neutral. There were no unusual time limitations.

8. *The amount involved and the results obtained—*

For all attorneys the result was success.

9. *The experience, reputation, and ability of the attorneys—*

Redding and Bryant are both quite experienced. Redding has been practicing law 14 years and Bryant 19 years. Both enjoy and deserve excellent reputations. And both are quite capable, as their work in this case demonstrates. Bryant's associate, Steve Kurvin, is a competent attorney. Beenck has been a lawyer for seven years. His reputation is not known to the court. His performance in this case has been adequate. Chiles has been a lawyer for approximately a year. His reputation is not known. His work, too, has been adequate.

10. *The "undesirability" of the case—*

This was a highly undesirable case. Mr. Hepperle's pleadings are lengthy and prolix. Divining the meaning is difficult. Pleadings are often filled with personal attacks. And, as this lawsuit and another of Mr. Hepperle's, *Hepperle v. Florida*, TCA 79–942 (N.D.Fla.), indicate, all lawyers risk becoming defendants in his next lawsuit. This factor weighs particularly heavily on Redding and Bryant who, unlike the Assistant Attorneys General, could have refused to accept the case and who, if sued, will have to bear the cost of their own defense.

11. *The nature and length of the professional relationship with the client—*

Bryant's client has been his client for 17 years. They have a close professional relationship which this lawsuit would not affect, although as Bryant said, "It would be difficult to explain losing." Redding's client is a fellow lawyer and friend. Chiles and Beenck were both Assistant Attorneys General employed by the state. There is no indication any of these lawyers' relationships with their clients would be helped or hurt by this lawsuit. This factor is neutral.

12. *Awards in similar cases—*

I handle a number of civil rights cases. Awards in this district have ranged from $50.00 to $100.00 per hour. They are representative of awards in this area in similar cases and are taken into consideration.

After consideration of the twelve guidelines and the attorneys' performance in this case I find the following awards are appropriate:

| | | |
|---|---|---|
| Ben Redding | 40.5 hours at $75.00/hour = | $3,037.50 |
| Rowlett Bryant | 15.45 hours at $75.00/hour = | 1,158.75 |
| Bryant's associate, Steve Kurvin | 11.55 hours at $60.00/hour = | 693.00 |
| Thomas Beenck | 28.3 hours at $13.46/hour = | 380.92 |
| Harry Chiles | 42.7 hours at $10.10/hour = | 431.27 |

Accordingly, it is ORDERED AND AD-JUDGED:

1. Defendant Douglas Sale is awarded $3,037.50 in compensation for the services of his attorney Ben Redding.

2. Defendant Panama Machinery & Supply Company is awarded $1,158.75 in compensation for the services of its attorney Rowlett Bryant.

3. Defendants Douglas Warren, Bruce Collins, Raymond Rhodes, and Sid White are awarded $812.19 in compensation for the services of their attorneys, Thomas Beenck and Harry Chiles.

4. The clerk shall enter a judgment in accordance with this order and assess all lawful costs against plaintiff Hepperle.