**Beverly J. CRAWFORD, Plaintiff,**

v.

**AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, et al., Defendants.**

**Civ. A. No. 82–0959.**

United States District Court, District of Columbia.

Aug. 15, 1983.

Melvin J. Washington, Washington, D.C., for plaintiff.

James R. Rosa, Washington, D.C., for American Federation of Govt. Employees, Kenneth T. Blaylock, President of AFGE, and Donald M. MacIntyre, Natl. V.P. Dist. 14, AFGE.

## MEMORANDUM AND ORDER

THOMAS F. HOGAN, District Judge.

The Court has before it defendants' motion for an award of attorney's fees based upon the June 17, 1983 judgment against plaintiff who alleged race and sex employment discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e et

seq. and the Fifth Amendment of the United States Constitution. The defendants request an award of $125 an hour for 25.7 hours in this litigation, plus an enhancement factor of 1.5 to compensate defendants for the quick resolution of this complaint, and to deter certain undesirable litigation practices from reoccurring in this Court.

## BACKGROUND

On April 7, 1982, plaintiff filed this action stating allegations of race and sex discrimination under 42 U.S.C. 2000e and the Fifth Amendment of the United States Constitution against defendants Donald M. MacIntyre, Kenneth T. Blaylock, and the American Federation of Government Employees, AFL–CIO (AFGE). Defendants AFGE and Kenneth T. Blaylock filed an Answer on April 28, 1982, raising as an affirmative defense, *inter alia,* that they are not "employers" of the plaintiff, as defined by law, and asking this Court to award "costs and attorney fees as plaintiff's claim is frivolous and known to her to be such." Defendant MacIntyre filed a separate Answer of April 28, 1982, conceded a proper employment relationship but raised numerous other affirmative defenses and also requested this Court grant defendant "costs and attorney fees as plaintiff's claim is frivolous and known to her to be such."

Thereafter, defendants proceeded to dispose of this complaint in the most efficient and expeditious manner possible. Defendants filed requested admissions and interrogatories on February 11, 1983, within the assigned discovery period. The plaintiff failed to seek any discovery or move for additional discovery periods. The plaintiff also failed to respond to defendants' discovery requests. On March 22, 1983, the defendants filed a motion for summary judgment. On April 15, 1983, the Court ordered plaintiff to respond to the outstanding discovery obligations and to respond to the pending motion for summary judgment. The plaintiff failed to comply with the Court's instructions. By order of

April 29, 1983, the Court set a May 9, 1983 hearing to show cause why this case should not be dismissed for failure to prosecute. Based on its concern that plaintiff's counsel may not have received the earlier orders, the Court had this order sent by certified mail. Still the plaintiff failed to complete outstanding obligations and failed to appear altogether at the May 9, 1983 show cause hearing, which was attended by defendants' counsel. Thus, on May 18, 1983, the Court entered an order dismissing this action without prejudice. The plaintiff failed to move for reconsideration of this judgment, and failed to timely note an appeal. On May 31, 1983, defendants timely requested that the judgment be altered to reflect dismissal with prejudice. Again, the plaintiff failed to respond to the motion. On June 17, 1983, the Court entered an order dismissing this action with prejudice under Local Rule 1–14 as well as under the discovery sanctions of Rule 37 of the Federal Rules of Civil Procedure. Defendants subsequently filed their request for attorney's fees.

The Court issued a show cause order for a hearing on August 10, 1983 concerning the granting and amount of attorney's fees. A copy of this order was sent by certified mail to plaintiff and to plaintiff's counsel. At the hearing, both counsel were present. The plaintiff did not appear; her counsel represented that she knew about the hearing, would be at work during the hearing and would take the position that there had been no hearing on the merits of her case since it had been dismissed not by dispositive motion or by trial, but for failure to prosecute and for discovery abuses.

At the hearing, the Court denied as untimely plaintiff's oral request for reconsideration of its June 17, 1983 order dismissing the case. The Court found that, absent a sufficient showing by plaintiff that the case merited relief from the judgment in accordance with Rule 60 of the Federal Rules of Civil Procedure, the procedural history of the case dictated that its earlier decision be maintained.

## DEFENDANTS' BURDEN

The defendants seek an award of attorney's fees under Title VII, Rule 37(b) and (d) of the Federal Rules of Civil Procedure and pursuant to the inherent powers of the Court. Defendants' burden under each basis will be discussed.

## TITLE VII

Title VII has its own attorney's fee provision, codified at 42 U.S.C. § 2000e–5(k). That section provides,

> In any action or proceeding under this title the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person.

In *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1979), the Supreme Court set forth considerations in awarding attorney's fees to a prevailing defendant. The Court found that, "In enacting § 706(k), Congress did not intend to permit the award of attorney's fees to a prevailing party only in a situation where the plaintiff was motivated by bad faith in bringing the action." *Id.* at 419, 98 S.Ct. at 699. The Supreme Court held that a court may only award attorney's fees to a prevailing defendant when a plaintiff's action is found to be frivolous, unreasonable or groundless or that the plaintiff continued to litigate after it clearly became so." *Id.* at 422, 98 S.Ct. at 700. The Court recognized, however, that if the defendant could demonstrate that the plaintiff had brought the suit in bad faith that would provide a stronger basis for awarding attorney's fees. *Id.* at 423, 98 S.Ct. at 701. Thus, it is a factor that would be considered in determining the propriety and the amount of attorneys fees to be awarded. *Id.* at 422, 98 S.Ct. at 700.

Courts considering the question of awarding attorneys fees to prevailing defendants frequently conclude that a plaintiff's claim was groundless if no evidence was produced at trial to substantiate plaintiff's claim of discrimination. *Harris v. Plastics Manufacturing Co.*, 617 F.2d 438 (5th Cir.1980); *Hill v. BASF Wyandotte Corp.*, 547 F.Supp. 348 (E.D.Mich.1982).

The Court declines to award defendant attorney's fees under Title VII as a prevailing party because it finds that defendant has not met the *Christiansburg Garment* standard of demonstrating that plaintiff's claims were frivolous, unreasonable or groundless. Defendants' recounting at the show cause hearing of the agency findings made after an investigation of her claims could not dictate the Court's findings on the merits of her complaint in any event since plaintiff is entitled to a trial *de novo* on her claims. *Hackley v. Roudebush*, 520 F.2d 108 (D.C.Cir.1975). Furthermore, it is clear that plaintiff did not get a *de novo* review of her claims in this Court since the action was neither disposed of by summary judgment nor after a trial on the merits. Thus, there may be some question as to whether an award of attorney's fees under Title VII to a party who won a judgment through the procedural default of the opposing party would truly effectuate either the intent of the statute or of the award provision. The lack of any evidence in the court record that would provide the Court with an inkling as to the merit of plaintiff's claims distinguishes this case from *Harris* and *BASF, supra,* and compels it to disallow an award. Neither can the Court find that plaintiff brought the suit in bad faith, a factor which *Christiansburg Garment* recognized would support an award of fees. Plaintiff had a legitimate right to bring her claim to this Court; even her mistake as to whether venue was appropriate in this Court cannot undermine the presumption of good faith the Court would afford her. Unfortunately, plaintiff's case began to fall apart after its inception. This, however, in the Court's view, does not warrant a finding that she initiated the suit in bad faith.

For these reasons, attorneys fees under Title VII are not allowed and the Court need not proceed to a further inquiry as required by *Copeland v. Marshall*, 641

F.2d 880 (D.C.Cir.1980), and *National Ass'n of Concerned Veterans v. Secretary of Defense,* 675 F.2d 1319 (D.C.Cir.1982).

### Rules 37(b) and (d)

Rule 37(b)(2) provides,

If a party or an officer, director, or managing agent of a party or a person designated under rule 30(b)(6) or 31(a) to testify on behalf of a party fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule or Rule 35, or if a party fails to obey an order entered under Rule 26(f), the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following ... or in addition thereto, the court shall require the party failing to obey the order or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances made an award of expenses unjust.

Rule 37(d) provides, in relevant part, If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails ... to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, ... the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under paragraphs (A), (B), and (C) of subdivision (b)(2) of this rule. In lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that

other circumstances make an award of expenses unjust.

 The record demonstrates that plaintiff abused the discovery process and orders of this Court and that defendant was prejudiced by this abuse.

Plaintiff not only failed to allow reasonable discovery, which under Rule 37(d) permits the Court to impose sanctions, *Dorey v. Dorey,* 609 F.2d 1128, 1134 (5th Cir. 1980); *Marquis v. Chrysler Corp.,* 577 F.2d 624 (9th Cir.1978), but she continued to fail to proceed with discovery after being ordered to do so by the Court. She has not submitted any reason to explain this failure. Thus, the Court has a firm basis upon which to impose sanctions under Rule 37(b). *See David v. Hooker,* 560 F.2d 412 (9th Cir.1977).

Defendant has asked the Court to find that the award of attorney's fees be equally shared between the plaintiff and her counsel. Although this sanction is specifically provided for under Rule 37(b) and (d), the Court declines to use this sanction in this case. The Court notes that the few occasions when courts have assessed attorneys fees against counsel under Rule 37 "have all involved a high degree of culpability." [1] *See* Note, *Sanctions Imposed by Courts on Attorneys Who Abuse the Judicial Process,* 44 U.Chicago L.R. 619, 631 (1978). The Court finds sound the view suggested by the District Court of Maryland in *Humphrey's Exterminating Co., Inc. v. Poulter,* 62 F.R.D. 392 (D.Maryland 1974), that "an award ought to be made against the attorney only when it is clear that discovery was unjustifiably opposed principally at his instigation." *Id.* at 395. There are many possible reasons for the failure to prosecute this case, including a possible total breakdown of communication between attorney and client. The Court recognizes that despite any deficiency of the plaintiff, an attorney's professional responsibility is to keep the client apprised of the status of the case. Any such problems

---

**1.** As of August 1, 1983, courts may impose sanctions on attorneys who fail to meet the standards established in the first portion of Rule 26(g). Fed.R.Civ.Proc. 26(g) advisory committee note.

existing in this case are a matter for client and counsel or other interested bodies. The Court declines to delve beyond the record on this motion for attorney's fees.

The Court has reviewed the statement of hours of Joseph H. Henderson in this case and finds that the following hours listed by Mr. Henderson from November 22, 1982 to the present were hours spent on the actual discovery matters [2] in this case:

| Date | Description | Hours |
|---|---|---|
| 11/22/82 | Preparation – letter to Melvin Washington, copies orders, review discovery | 0.6 |
| 2/9/83 | Preparation – request admissions review file, prepare interrogatories | 2.3 |
| 3/22/83 | Preparation – motion for summary judgment, review discovery requests | 1.2 |
| 4/8/83 | Preparation – motion to extend pretrial obligation | 0.8 |
| 4/29/83 | Check with Court on filing of overdue pleadings | 0.1 |
| 5/5/83 | Research – sanctions law Rule 41, Rule 37 dismissals | 1.3 |
| 5/9/83 | Court appearance – attend hearing on dismissal, notify clients | 1.0 |
| 5/23/83 | Research – Local Rule 1–14 re: order calculate right-to-sue clock, Research – motion to amend and to client | 0.8 |
| 5/24/83 | Preparation – motion to alter judgment | 1.6 |
| 6/22/83 | Review 6/17/83 Order of Court; Research attorney fees | 1.4 |
| 6/24/83 | Preparation – motion for fees | 2.2 |
| 6/27/83 | Prepare final draft of motion; prepare order re fees | 3.5 |
| 8/9/83 | Preparation for hearing; gather fee data for D.C. defense counsel; research *Chewing, Laffey* | 2.5 |
| 8/10/83 | Attend fee hearing; Read *Laffey v. N.W. Airlines* Preparation – Supplemental brief | 2.5 |
| | Total | 21.8 |
| | @ $100/hr. = | $2,180.00 |

The Court finds that the time counsel spent on these issues was reasonable. Based upon the submissions, the Court finds that $100.00 per hour is a reasonable fee for

counsel in defense of this employment discrimination case. The Court finds an award of $100.00 per hour to be in line with the current market rate of attorneys in this area with similar experience and background of defendant's counsel. (Defendants Exh. 1, Aff. of Jane McGrew and exhibits offered at the hearing on August 10, 1983.)

It is therefore ordered this 15th day of August, 1983, that defendant be awarded $2,180.00 in attorneys fees, plus costs; and it is further

Ordered that judgment be and hereby is entered in favor of the defendants and against the plaintiff, Beverly J. Crawford, in the sum of $2,180.00, plus costs.

---

**2.** There are also several hours spent on matters intertwined with discovery. (E.g., 3/22/83, "review discovery requests (in preparation of) summary judgment motion.")