**In re PASCO TOBACCO CO., INC., Bankrupt.**

**Fred ZIMMERMAN, Trustee, Plaintiff,**

**v.**

**William S. ROSENTHAL, Defendant.**

**Bankruptcy No. 78–1917G.**

United States Bankruptcy Court,
E.D. Pennsylvania.

Aug. 20, 1984.

Joseph S.U. Bodoff, Pincus, Verlin, Hahn, Reich & Goldstein, P.C., Philadelphia, Pa., for trustee/plaintiff, Fred Zimmerman.

Gilbert B. Abramson, Dennis J. Valenza, Abramson, Cogan, Kogan, Freedman & Blackman, P.C., Philadelphia, Pa., for defendant, William S. Rosenthal, and Elinor Rosenthal.

Fred Zimmerman, trustee/plaintiff.

## OPINION

EMIL F. GOLDHABER, Chief Judge:

The issues presented in the dispute at bench are whether we should compel a defendant to answer questions at his deposition and whether we should grant motions for protective orders sought on behalf of two deponents of whom discovery has been sought. For the reasons expressed herein we will compel the defendant to answer certain questions and we will deny the two motions for protective orders.

The facts of this case are as follows:[1] The bankrupt filed a petition for relief under the Bankruptcy Act of 1898 on December 26, 1978. A trustee was appointed who has since commenced an adversary proceeding against one of the bankrupt's principals, William S. Rosenthal ("Rosenthal"), alleging that Rosenthal diverted the bankrupt's funds for his own use. In the course of discovery the trustee served the Philadelphia Savings Fund Society ("PSFS") with a subpoena duces tecum directing it to appear at a deposition with the banking records of Rosenthal's wife ("Elinor"). The trustee also served a notice of deposition on Rosenthal and his mother ("Celia"). Elinor filed a motion for a protective order to bar the trustee from obtaining her bank records on the grounds that the material was not relevant nor would it lead to relevant evidence. On behalf of Celia, Rosenthal filed a motion for a protective order that would bar her deposition on the basis that the intended deponent would be subject to "annoyance, oppression and serious medical and physical burdens." Rosenthal appeared at his deposition but apparently failed to answer any questions on the basis of his Fifth Amendment rights. Shortly thereafter the trustee filed a motion to compel Rosenthal to attend a deposition and answer all questions addressed to him. The trustee has presented evidence that Rosenthal, as one of the principals of the bankrupt, caused it to issue checks to him on the bankrupt's checking accounts. As yet there has been no satisfactory explanation for this diversion of funds.

As stated above, Elinor asserts that her bank's records are not relevant to these proceedings nor will they lead to relevant evidence. She contends that her bank records should be discoverable only after the trustee establishes that Rosenthal misappropriated the bankrupt's funds. The trustee contends that Rosenthal may have diverted the bankrupt's funds and placed those monies in Elinor's account and if so, her bank records would tend to prove Rosenthal misdirected the bankrupt's funds. The relevant authority on this subject is Fed.R.Civ.P. 26(b)(1)[2] which states that parties "may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action.... It is not ground for

1. This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

2. Fed.R.Civ.P. 26 is applicable in this proceeding through Bankruptcy Rule 726.

objection that the information sought will be inadmissable at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." We conclude that the records sought are discoverable and it does not appear that Elinor has proven her entitlement to a protective order under Fed.R. Civ.P. 26(c). Consequently, we will deny her motion.

■ In seeking a protective order barring Celia's deposition, Rosenthal predicates his motion principally on the advanced age and questionable health of the intended deponent. Although it is apparent that Celia bears the burden of certain medical afflictions, the extent and severity of these conditions do not appear of record, and thus we cannot conclude that they constitute sufficient justification for issuing a protective order. Having reached this result, it is unnecessary for us to address the question of whether Rosenthal is the proper party to move for a protective order for Celia.

■ Lastly, we are faced with the trustee's motion to compel Rosenthal to appear at a deposition and answer all relevant questions addressed to him. As we stated above, Rosenthal apparently failed to answer any questions based on his Fifth Amendment right barring the coercion from him of evidence that may be used in a criminal proceeding against him. If, in fact, Rosenthal failed to answer all pertinent questions asked of him,—which would be akin to a criminal defendant's refusal to take the witness stand,—he has misconstrued the scope of the Fifth Amendment privilege in civil proceedings. Rosenthal may not invoke the privilege to avoid answering all questions generally, although he may refuse to answer particular questions. 1 Antieau, *Modern Constitutional Law* § 2:28 (1969). Consequently, we will order Rosenthal to submit to a deposition and answer all relevant questions and all inquiries reasonably calculated to lead to admissible evidence, excepting questions which are properly the subject of privilege.

The order we will enter on the motion to compel Rosenthal to attend the trustee's deposition differs from the relief requested by the trustee in that he would have us order Rosenthal to provide "full and complete answers to all questions propounded...." By urging an order of such scope the trustee is apparently seeking an adjudication of the effectiveness of a previous grant of immunity to the bankrupt against the use of certain testimony in criminal proceedings. On the basis of ripeness, we believe it improvident to resolve that issue at this point since we have not been presented with a list of the questions Rosenthal refused to answer. *Cf.* E.D.Pa.R. 24(b) (local rule of our district court requires that motions on discovery matters must contain verbatim recitation of questions which deponent refused to answer).