**In re Joseph R. MULHERN, Debtor.**

**FIDELITY AND DEPOSIT COMPANY OF MARYLAND, Plaintiff,**

v.

**Joseph R. MULHERN, Defendant.**

**Bankruptcy No. 83–01649K.
Adv. No. 83–2121K.**

United States Bankruptcy Court,
E.D. Pennsylvania.

Jan. 9, 1985.

Alexander Hemphill, Philadelphia, Pa., for debtor.

Stanley Jedynak, Trenton, N.J., for Sara E. Mulhern.

John Judge, Philadelphia, Pa., trustee.

Jeffrey A. Lutsky, Philadelphia, Pa., for plaintiff/Fidelity & Deposit Co. of Md.

OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

The question presented herein is whether the spouse of the debtor is entitled to a

protective order shielding certain documents and records from discovery in an adversary proceeding brought by a creditor to determine the dischargeability of a debt. For reasons cited herein, we will allow the deposition to be taken and deny the motion for a protective order.

The facts of this case are as follows:[1] Fidelity and Deposit Company of Maryland ("plaintiff") obtained a $150,000.00 judgment against Joseph R. Mulhern ("debtor") as a result of the debtor's personal guaranty of a performance bond. Shortly thereafter, on September 12, 1983, the debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code. On October 4, 1983, the plaintiff filed a complaint to determine the dischargeability of the debt owed to the plaintiff pursuant to 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(2)(B). The complaint alleges that the debtor induced the plaintiff to renew the performance bond through written statements which were materially false. In addition, it is alleged that the debtor removed or concealed certain property at various times before and after filing of the petition, with intent to defraud creditors. Finally, it is alleged that the debtor knowingly made false statements in his bankruptcy schedules regarding the existence of liabilities and creditors.

As part of the discovery process in this adversary proceeding, the plaintiff seeks to depose the wife of the debtor ("movant") and the production of certain documents and records.[2] The debtor's wife has moved for a protective order pursuant to Fed.R. Civ.P. 26(c). The motion requests that the deposition be prohibited on the grounds that the documents requested are the personal affairs of Sara Mulhern, and not relevant to the affairs of debtor or his estate, and that the deposition was "scheduled for the purpose of annoyance and harassment" imposing an "unreasonable and oppressive burden" on Sara Mulhern.

Fed.R.Civ.P. 26 is applicable to this proceeding through Bankruptcy Rule 7026. Fed.R.Civ.P. 26(b)(1) defines the scope and limits of discovery:

(b) Discovery Scope and Limits. Unless otherwise limited by order of the court in accordance with these rules, the scope of discovery is as follows:

(1) In General. Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

In *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978), the Supreme Court identified the key phrase in Rule 26 as "relevant to the subject matter involved in the pending action" and noted the broad construction of the language "to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Id.* at 351, 98 S.Ct. at 2389. Consistent with this liberal approach is the distinction in the Rule between relevancy for discovery pur-

---

1. This Opinion constitutes the findings of fact and conclusions of law required by Rule 7052 of the Rules of Bankruptcy Procedure.

2. The subpoena and notice served on movant requests her deposition and a production of the following documents or records:
   1. all documents relating to the sale of an Ocean City, New Jersey property transferred from Mulhern to Sara Mulhern in 1979,

2. copies of all checking and savings account statements from January 1, 1982 to the date of deposition for any and all *accounts,* personal or joint, of Sara Mulhern, and
3. copies of all documents relating to any interest in real property, wherever situated, held by Sara Mulhern.

poses and relevancy for admissibility at trial purposes. The standard is whether the information sought "appears reasonably calculated to lead to the discovery of admissible evidence." It has been argued that relevancy should not be measured solely by the pleadings, but by general relevance to the subject matter of the action. 4 J. Moore, J. Lucas and G. Grotheer, *Moore's Federal Practice* ¶ 26.56(1) (2d ed. 1984).

Although the language of Rule 26 and caselaw interpreting it support a liberal approach to discovery, the Rule is not without limitations. *See McClain v. Mack Trucks, Inc.,* 85 F.R.D. 53 (E.D.Pa.1979). Subsection (c) of Rule 26 provides for the issuance of a protective order for good cause shown:

> (c) Protective Orders. Upon motion by a party or by the person from whom discovery is sought, and *for good cause shown,* the court in which the action is pending or alternatively, on matters relating to a deposition, the court in the district where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (1) that the discovery not be had; (2) that the discovery may be had only on specified terms and conditions, including a designation of the time or place; (3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery; (4) that certain matters not be inquired into, or that the scope of the discovery be limited to certain matters; (5) that discovery be conducted with no one present except persons designated by the court; (6) that a deposition after being sealed be opened only by order of the court; (7) that a trade secret or other confidential research, development, or commercial information not be disclosed or be disclosed only in a designated way; (8) that the parties simultaneously file specified documents or information enclosed in sealed envelopes to be opened as directed by the court.

Under Fed.R.Civ.P. 26(c), the burden is on the person seeking to avoid discovery to point to a specific reason for denial of discovery. *See Zenith Radio Corp. v. Matsushita Electric Industrial Co., Ltd.,* 529 F.Supp. 866 (E.D.Pa.1981); *Essex Wire Corporation v. Eastern Electric Sales Company, Inc.,* 48 F.R.D. 308 (E.D.Pa.1969). In order to show cause for entry of a protective order, the moving party must provide a "particular and specific demonstration of fact, as distinguished from a stereotyped and conclusory statement." *United States v. Purdome,* 30 F.R.D. 338, 341 (W.D.Mo.1962). The determination of whether good cause does or does not exist must be based on appropriate testimony and other factual data, not the unsupported contentions and conclusions of counsel. *Apco Oil Corp. v. Certified Transportation, Inc.,* 46 F.R.D. 428, 432 (D.C.Mo.1969). Where a motion for a protective order was based on the intended deponent's advanced age and questionable health, the Court denied the motion because the extent and severity of the party's afflictions did not appear of record. *In re Pasco Tobacco Co., Inc.,* 41 B.R. 394 (E.D. Pa.1984); *see also Rifkin v. U.S. Lines Co.,* 177 F.Supp. 875 (D.C.N.Y.1959).

In the case at bench, we find that the movant has not met her burden of proving cause. The assertions of undue burden, harassment, etc. set forth in the motion are lacking in specificity. Although movant states that the items requested "are the personal affairs of respondent [sic movant] and are not relevant to the affairs of the debtor or his estate," no evidence is presented to support these assertions. The statements of the movant herein are conclusory in nature and unsupported by specific facts. Moreover, in view of the allegations of the plaintiff that the debtor transferred, removed and/or concealed property, the information sought by the plaintiff from movant appears most relevant. We noted earlier that the test of relevancy for discovery purposes is more easily satisfied

than the test of relevancy for admissibility purposes.

Finally, movant has not met her burden of proving how it would be burdensome for movant to produce the requested documents. If the documents are not already in movant's possession, presumably they can be obtained from the banking institution of the movant or the appropriate county offices.

Because we find that the movant is not entitled to a protective order, it is unnecessary for us to address the plaintiff's arguments regarding standing to seek the order and defective notice. An appropriate order denying the relief requested follows.